### WESLEY WHALEY, ET AL., *v.* A. R. TAYLOR, ET AL.

**Husband and Wife—Conveyance.**

> Where a husband makes a deed to his wife for the consideration of one dollar and love and affection he is not entitled, upon obtaining a divorce, to have the land so conveyed restored to him.

### APPEAL FROM BATH CIRCUIT COURT.

### November 28, 1877.

OPINION BY JUDGE COFER:

It was held in *Phillips v. Phillips,* 9 Bush 183, that the phrase "in consideration or by reason of the marriage," related to such property as either party may have attained from or through the other by operation of the laws regulating the property rights of husband and wife, and that no other construction that could be adopted would give effect to all the words of the statute, and therefore that a deed made by the husband to the wife during the existence of the marriage relation, for the consideration of one dollar and love and affection, did not come within the statute, and that the husband was not entitled upon obtaining a divorce a vinculo to have the land embraced by the deed restored to him.

The doctrine of that case is conclusive of this. The conveyance to Mrs. Green, now Mrs. Taylor, of the land in Rowan county, was not made on account of an antenuptial agreement or understanding, nor by way of jointure, nor in the discharge of any obligation, moral or legal, growing out of the marriage relation. The land was, therefore, not embraced by the statute, and a part of it having been sold and the price paid to the wife and loaned by her in her own name with the assent of her husband, it remained hers, and was properly adjudged to her.

Wherefore the judgment is *affirmed.*

*V. B. Young, Nesbitt & Gudgell, for appellants.*

*H. L. Stone, for appellees.*