JUDGE LINDSAY
delivered the opinion oe the court.
Thomas I. Phillips intermarried with Jane A. Miller in June, 1865. In the following October he conveyed to Robert Ernst, in trust for the sole and separate use of his wife during her life, with remainder in fee-simple to any child or children, or descendants of a child or children, born of their marriage, or in default of such descendants living at the time of the wife’s death, then in fee to himself or heirs, a tract of land containing about three hundred and sixty-five acres, situated in Jefferson County, a few miles from the city of Louisville.
In the early part of 1866 the husband and wife removed to Missouri. In 1867 Phillips returned to Kentucky, his wife failing or refusing to return with him. After a separation of more than one year the husband instituted this suit, praying a divorce a vinculo matrimonii.
*185 The trustee Ernst and David E. Phillips (the infant child of Phillips and Jane, the wife) were made defendants. The petition asked that the conveyance to Ernst should be annulled, and the title and possession of the lands therein described restored to him.
In conformity to the prayer of the petition, a divorce a vinculo matrimonii was adjudged to Phillips, and the deed to Ernst, in so far as it secured to the appellant an estate for life in the three hundred and sixty-five acres of land, was held to be of no effect, the chancellor determining that such estate “ came to her by virtue or in consideration of the marriage.”
From this judgment, divesting her of the life-estate in the land in question, Mrs. Phillips prosecutes this appeal. The conveyance recites that the consideration was one dollar in hand paid, and the “love and affection” of the grantor “to and for Jane A. Phillips, his wife.”
There is nothing in the record conducing to show that the consideration was other than that recited.
It is not made to appear that the conveyance was executed pursuant to an antenuptial agreement or understanding, nor by way of jointure, nor as a marriage settlement, nor in the discharge of any obligation, legal or moral, incurred by Phillips by reason of the marriage.
It was a mere voluntary conveyance from the husband to the wife, which might have been attacked by creditors of the husband, but which was valid and binding between the parties. The expressed consideration of “love and affection” is sufficient to support the deed. The gift was made perfect and complete by the execution and delivery of the deed to the trustee, and the estate taken by the wife is as free from the claims of the husband as though the title had passed to her trustee from a stranger, unless she obtained it in consideration or by reason of marriage. Section 6, article 3, chapter 47, Revised Statutes, provides that “upon final decree of divorce *186 from, the bond of matrimony the parties shall be restored such property not disposed of at the commencement of the suit as either obtained from or through the other, before or during the marriage, in consideration or by reason thereof.” The 462d section of the Civil Code of Practice differs therefrom in this: it limits the property to be restored to property obtained during the marriage. It may well be doubted whether it was intended by the adoption of this provision of the Code to supersede the statute quoted. The design seems to have been to regulate the mode of enforcing the right of restoration, and not to establish or define such right. (Williams v. Gooch, 3 Met. 486.) But, however this may be, the Code makes no provision as to property acquired before marriage, and therefore the statute remains in force as to such property. It is apparent from the language both of the statutes and the Code that the mere fact that property was obtained by one of the parties from or through the other, before or during the marriage, does not entitle the party from or through whom it was obtained to have it restored upon final judgment for a divorce. If such had been the legislative intention, the condition found in each of the two sections, that it must have been obtained “in consideration or by reason of the marriage,” would have been omitted as superfluous.
Counsel for appellant tacitly recognize this as the correct view of the law, but they insist that the real consideration for the conveyance to the trustee Ernst was marriage; not the act of marriage, but the existence of the state of marriage between the parties at the time of its execution. Upon careful consideration it seems to us that to hold that the existence of the marital relation constitutes a consideration for the conveyance, in the sense in which that term is used in the statutes, would be in effect to determine that the words “ and in consideration or by reason thereof” were intended to answer no purpose, and that their effect is to render obscure *187 that which without them would be clear and unmistakable. If the construction contended for should prevail, we can conceive of no state of case in which the divorced parties would not be entitled to a restoration of all property not disposed of at the commencement of the action which either had obtained from or through the other before or during the marriage, unless a money or property consideration had actually been paid.
But if the term “ consideration ” be held to mean the act of marriage, or some agreement or contract touching or relating to the act of marriage, and the expression “by reason thereof” be construed to relate to such property as either party may have obtained from or through the other by operation of the laws regulating the property rights of husband and wife, force and effect will be given to each clause and to every word used by the legislature, and according to the' well-established and universally recognized rule of construction this must be done, if it be practicable. Nor is it a sufficient answer to this that the wife takes no present or absolute interest in the husband’s estate by operation of law. The same section is made to apply to both husband and wife, and was intended to and does regulate and prescribe the rights of both.
That hardships will in many instances result from this construction does not argue that it is incorrect. No rule of general application has as yet been adopted by any of the states allowing judicial divorces not subject to this objection. The general rule prevailing in the American States seems to be that rights dependent on marriage and. not actually vested are ended by divorce, but that rights perfect and complete at the time remain unaffected thereby. (Schouler’s Domestic Relations, 300.)
From the time of the adoption of our statute of 1809 (1 Stat. Laws, 123) until the Revised Statutes went into effect, *188 in 1852, the court pronouncing the decree of divorce had the right to regulate and order the division of the estate, real and personal, in such way as might seem proper, having regard to each party, and the children if any, except that neither party could be divested of title to real estate. (Wilmore v. Wilmore, 15 B. Mon. 61.) This power, of course, related principally to the estate of the husband. It still exists so far as it may be necessary for the maintenance of children and the support of the wife, if she have not sufficient estate of her own. Furthermore, the courts may now divest either party of title to real estate if it be necessary to do so to restore such property as either may have obtained from or through the other in consideration of the marriage. But this restoration having been made, the power of the chancellor to apply to the maintenance of the children and the support of the wife the use of so much of the husband’s estate as may be necessary therefor is as perfect as it was under the law of 1809. If the husband has during the marriage, and not in consideration thereof, secured title to the real estate of the wife, while the court can not divest him of this title, it can devote such estate to her support, if she have not sufficient estate of her own; and if she has, it can nevertheless be set apart for the maintenance of the children.
It results from these views that in our opinion the judgment of the chancellor divesting the appellant of her life-estate in the lands conveyed to Ernst as trustee is erroneous. It must therefore be reversed.
The cause is remanded with instructions to dismiss so much of appellee’s petition as seeks to disturb the conveyance.