### JAMES HANLON *v.* JOANNA HANLON.

**Husband and Wife—Divorce—Wife's Real Estate.**
> Where real estate is purchased from the earnings of the husband and by his consent and direction is conveyed to the wife, he is not entitled to such real estate upon the granting of a divorce to the wife, where the wife has not been guilty of fraud in procuring the conveyance.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 5, 1876.

OPINION BY JUDGE COFER:

The appellant and appellee were married some time in the year 1864. At the time of their marriage the appellee had on deposit with Stevin & Cain the sum of about $1,784.00, and in August of that year she purchased a house and lot at the price of $1,200.00, which was paid for with a part of that money, and conveyed to her. In October of the same year she purchased another house and lot, and in April, 1868, she purchased another, both of which were conveyed to her, without limitations. In 1874 she brought this suit for a divorce, and to be adjudged entitled to the use and occupation of said houses and lots free from the interference of the appellant.

The appellant answered, and among other things alleged that the house on the lot first purchased was in need of repairs to make it habitable, and that he repaired it at a cost of $1,000.00 He also alleged that the other houses and lots were paid for with his means; that it was his custom after his marriage to turn over his earnings to the appellee to be taken care of, and as he accumulated, he, at her suggestion, purchased said houses and lots, she suggesting that that course would be safest for them; and that not knowing that the title so held would not secure the property to him, he had it conveyed to her. He asked that she be compelled to convey each of said houses and lots to him.

The appellee, in her reply, denied that any of the houses and lots were purchased by the appellant, or that either had been paid for with his money, but alleged that they were paid for with money she had when they were married, and from the rents of the house and lot first purchased, and with her personal earnings during the marriage.

The chancellor rendered judgment divorcing the appellee, and denied appellant's prayer for a judgment compelling her to convey to him the two houses and lots claimed in his answer; and from the latter branch of the judgment he has appealed.

An effort was made on the part of the appellee to show that the appellant had been an idler and had not earned more than a support for the family, and that her own earnings were sufficient, when added to the rents of the house first purchased and the money she

had when they were married, to pay for the houses and lots in contest.

We think the evidence shows that the appellant has been ordinarily industrious and frugal, and that the two lots were paid for in part at least with his individual earnings. But we do not regard that question as very important. Nor do we regard the fact that, as a matter of law, the money which the appellee had at the time of the marriage and that which she earned afterwards, as well as the rent of the house first purchased, belonged to her husband, as material.

If it be conceded that the property was all paid for with money belonging to the appellant, the decision must be the same that it would be if it were conceded that it was wholly paid for with money which belonged to the appellee before marriage. The conveyances were made to her with the knowledge and consent of her husband, and upon the most favorable view claimed by him must be regarded as a gift to her, which he is not entitled to reclaim upon the granting of a divorce to her. *Phillips v. Phillips,* 9 Bush 183. It is not charged that the appellee was guilty of fraud in procuring the deed to be made to herself, and the alleged ignorance on the part of the appellant that the conveyance to her would not secure the title to him cannot affect the decision of the question. He does not say that she represented to him that title conveyed to her would be to his benefit. All he says is, that she represented that it would be safest to have the title conveyed to her, and he partially explains in his deposition what she meant by that, viz.: that it might save the property from creditors in the event he should become insolvent; and he seems to have understood that view of the subject. It is, therefore, hardly probably that he was ignorant of the effect of the conveyances to his wife.

To decide that a husband who has purchased property and had it conveyed to his wife, may recover it when she obtains a divorce from him on the ground of cruel treatment, would be to establish a precedent dangerous in the extreme to the peace of families, and detrimental to the best interests of society.

The judgment of the chancery court must be *affirmed.*

*M. Mundy, for appellant.    Badley & Simrall, for appellee.*