McNutt *v.* McNutt.

Opinion delivered April 16, 1906.

1.  PLEADING—AMENDMENT TO CONFORM TO PROOF.—Permitting the complaint to be amended after judgment to conform to testimony introduced without objection is not error. (Page 350.)

2.  STATUTE OF ANOTHER STATE—EFFECT OF ADOPTION.—Where the Legislature adopts a statute of another State which has received a definite construction by the courts, it will be taken that this interpretation also was adopted. (Page 350.)

3.  DIVORCE—RESTORATION OF PROPERTY.—Kirby's Digest, § 2684, providing that "in every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration and by reason thereof," does not apply to property which the husband conveyed to the wife upon a voluntary separation, or to property which he conveyed to her upon a restoration of marital relations. (Page 353.)

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant was granted a divorce from appellee on September 25, 1903, on the ground of indignities which rendered his condition intolerable. In the complaint for divorce appellant alleged concerning property as follows:

"That finally about two years ago * * * a separation was agreed between them, and plaintiff turned over to her about $5,000 of property, $3,600 of which was cash. That afterwards he acquired a place on State Line in this (Miller) county, for which he paid $2,500, and it was conveyed to him. That after that about one and one-half years ago he and defendant resumed living together as husband and wife, she agreeing to conduct herself properly and live on the same place with him, provided he would deed her a half interest in the same; that he conveyed it to a third person, who re-conveyed it to this plaintiff and defendant as husband and wife; that since that he has purchased another $800 worth of land, and the deed was made to them both as husband and wife. That when she returned to live with this

plaintiff she did not return or restore to him any of the property he gave her when the separation was agreed to, nor has she ever done so, but on the contrary has kept it all, and now has it. Copies of the deeds to the two pieces of land above mentioned, containing a correct description of them, are hereto attached as exhibits 'A' and 'B,' and made a part of this complaint."

The prayer as to this was "that the lands described be restored to him, or that they be partitioned between them, each being given one-half thereof in severalty; that, if necessary to do so, it be sold and the money equally divided between them; that she be barred of any and all interest in his property; finally, for costs and all other proper relief."

To this appellee in her answer and cross-complaint and amended answer and cross-complaint alleged the following: "that by her own exertions and economy she acquired and accumulated considerable property, and that about two years ago, under an agreement that they should live separate, the defendant took as her part of the property $3,600 in cash and some real estate. Defendant admits that, upon their agreement to live together again, the one-half interest in the place on State Line in Miller County, Arkansas, was deeded to her, and that plaintiff agreed to treat her kindly and give her ample support; that it is true that under the terms of said agreement defendant was to receive one-third of plaintiff's property, and retain what she already had in her name."

However, defendant states that she allowed a reduction of $800 of her one-third interest on account of the residence on Pecan Street in the city of Texarkana, although said property was in her name, and had been purchased with her funds. Further defendant states that by express agreement she was to and actually did retain a certain endowment policy of life insurance for $5,000 upon the life of plaintiff, which policy was the property of the defendant, and further that she has kept up the payments on said policy since said separation.

"Defendant further states that in a few weeks after said separation the plaintiff came to her house and began negotiations with a view of inducing her to resume living with him, and that she refused to do so unless he would grant her an undivided one-half interest in a certain farm on State Line known as the

Pete Ivy farm. Plaintiff agreed to make such conveyance, and did so. Defendant denies that she agreed to return the plaintiff the property and money she had received upon the separation agreement, and states that she retained it and has since used the same in part by investment and in part for her own support."

Her prayer in regard to the property was that the court gave her "such property as by law she is entitled to," and for general relief.

The court, after hearing the evidence, rendered the following decree concerning the property, towit: "The question as to the property heretofore deeded to her by the plaintiff, A. B. McNutt, and the insurance policy described in the complaint, and as to her right to the property given to her by said plaintiff in the separation deed, and the court, being well and sufficiently advised as to the facts and law arising thereunder, is of opinion that the said defendant did not obtain the same from or through the plaintiff during the marriage, and is of opinion that the plaintiff has no claim upon said property.

"It is therefore by the court considered, ordered, adjudged and decreed that the said defendant have and retain all the property now in her name and held by her which is claimed by the plaintiff in this cause."

The record then recites: "Thereupon the plaintiff asked the court for permission to file an amendment to his complaint, which the court granted, and said amendment was thereupon filed, to the filing of which amendment the defendant at the time objected. Such objection being overruled, it was agreed between the attorneys that the defendant might have her answer noted upon the record by an oral denial, which was done. To each and all which rulings and decree of the court the plaintiff at the time excepted, and asked that his exceptions be noted of record, and prayed an appeal to the Supreme Court."

The amendment to the complaint, made after the decree was rendered, was as follows:

"Comes the plaintiff, and, after leave obtained, amends his complaint, and states that the deed to one-half of the property on State Line was without consideration, and was obtained by fraud and imposition on plaintiff, defendant having failed and refused to return the insurance policy or any of the other prop-

erty acquired by her under the separation agreement as she agreed to do when said agreement was set aside, and they resumed living together, and said last conveyance of the State Line property was made; that all of said property was obtained from the plaintiff during their said marriage, and in consideration and by reason thereof. Wherefore plaintiff prays, in addition to the relief already asked, that all the property acquired and turned over to said defendant by this plaintiff under the separation agreement, and the agreement resuming living together as shown by the proof, be restored to him, and for all other relief."

Facts stated in the opinion.

*W. F. Kirby,* for appellant.

1. The court erred in refusing to restore to appellant the property obtained by the wife from him, upon her agreeing to live with him. An agreement to live with her husband and conduct herself properly as his wife is not in law either a good or valuable consideration for the conveyance of property. It is her duty, and as such required by law. The property was therefore obtained by reason of the marriage, and the court, in granting appellant a divorce, should also have made an order restoring to him the property. Kirby's Digest, § 2684; 7 Ky. Law Rep. 832. Property paid for by the husband and conveyed to the wife during the marriage, without valuable consideration from her, must be restored. 52 S. W. 927.

2. Appellee is not entitled to hold the property transferred to her pursuant to the separation agreement. That agreement was annulled, and afterwards appellant was granted a divorce because of her misconduct. Where divorce is granted because of the wife's misconduct, she shall not be endowed. Kirby's Digest, § 2694; 59 Ark. 441; 64 Ark. 518.

3. The decree for divorce is conclusive of the fact that appellee failed to comply with her agreement to conduct herself properly as the wife of appellant. If it is held that the agreement to live with appellant and so to conduct herself was a good consideration for the grant of the farm, then, since she failed to perform the agreement, was there not a failure of consideration?

*Scott & Head,* for appellee.

Our statute (Kirby's Digest, § 2684) differs from the Kentucky statute of 1854 only in being made to apply to cases where divorce is granted to the husband. Construing the Kentucky statute it is held that "property settled upon a wife in consideration of her compromising a suit for divorce which she had instituted, and consenting to a separation, is not property received by reason of the marriage or in consideration thereof, within the meaning of the statute." 68 Ky. 167. When a husband, to secure domestic felicity, executes a deed to his wife conveying real estate, the facts that his wife, in view of his bounty, and to secure it, promises in the future to perform her conjugal duties, and afterwards fails to do so, do not authorize a court of chancery to set aside the conveyance in his behalf in case the wife subsequently obtains a divorce from bed and board. 71 Ky. 156. Held also that the provision for restoration of property does not include land conveyed by a husband to his wife after their marriage in consideration of love and affection. 72 Ky. 183.

Having adopted the Kentucky statute of 1854 after the decisions of that State construing the same, rather than the later amended statute, it is to be presumed that the Legislature adopted also the Kentucky construction of the former statute. See also 22 S. W. 497; 26 N. E. 137.

Wood, J., (after stating the facts.) The court permitted the amendment to the complaint, after decree, to conform the pleadings to the undisputed proof in the cause. To present the issue as both sides have presented it in the testimony without objection by an amendment to the pleadings after verdict or judgment is not error. Section 6145, Kirby's Digest; Hanks v. Harris, 29 Ark. 323; Healy v. Conner, 40 Ark. 352; Ry. Co. v. Triplett, 54 Ark. 289; Frizzell v. Duffer, 58 Ark. 612; Texarkana Gas & Electric Light Company v. Orr, 59 Ark. 215; Ry. Co. v. Dodd, 59 Ark. 317; Shattuck v. Byford, 62 Ark. 431; Bank of Malvern v. Burton, 67 Ark. 426.

As we understand the pleadings, the proof, and the decree, the question for our determination is, did the court err in refusing to decree to appellant any property to which he was entitled under section 2684, Kirby's Digest, and in allowing appellee to retain same? That section, so far as applicable here, is as follows:

"In every final judgment for divorce from the bonds of

matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration and by reason thereof."

Section 462 of the Civil Code of Kentucky in 1854 is as follows: "In every final judgment for a divorce from the bond of matrimony, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof." Kentucky Code of Practice (1854), § 462. See Kentucky Statutes 1894 (Barbour and Carroll), p. 772, § 2121. Meyers, Ky. Code (1867), § 462.

The language of the two statutes "that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage, and in consideration and by reason thereof" is almost identical.

The Supreme Court of Kentucky, in construing the word 'consideration' in this act, held it to mean "the act of marriage, or some agreement or contract touching or relating to the act of marriage," and the expression "by reason thereof" "to relate to such property as either party may have obtained from or through the other by operation of the laws regulating the property rights of husband and wife." *Phillips* v. *Phillips,* 9 Bush (Ky.), 183. In *Flood* v. *Flood,* 5 Bush (Ky.), 167, the husband conveyed to a trustee for the use and benefit of his wife a large amount of real estate. This was in pursuance of a compromise in a suit by the wife for divorce, in which a perpetual decree of divorce from bed and board was agreed upon, and the compromise was confirmed by the judgment of the court. After divorce from bed and board the wife married another man. The husband sued for a divorce *a vinculo matrimonii,* and also for a restoration of property. He obtained his divorce, but the court refused to restore the property, saying: "Our statute requires that all property remaining in kind which one party may have obtained from or through the other, during the marriage, in consideration of, or by reason thereof, shall be restored on granting

a divorce.    But here she did not get the property in consideration of, or by reason of, her intermarriage with him, but because they could not live in the proper conjugal relations and were severing the same."

In the Code of Civil Practice of Kentucky of 1876, the section of the Code of 1854 under consideration was amended so as to read as follows:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action which either party may have obtained directly or indirectly from or through the other, during marriage, in consideration, or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage."    Code of Practice (Ky.), 1876, § 425.

In *Irwin* v. *Irwin,* 52 S. W. 927, a husband had deposited a Louisiana lottery ticket in a certain bank, probably in the name of his wife.    The ticket drew $15,000, and the proceeds were invested in real property in the name of his wife.    Afterwards, in a suit between them in which both parties asked for divorce, the husband also sought restoration of the real property, contending that the property was not obtained by the wife directly or indirectly from or through the husband during marriage, in consideration or by reason thereof, and therefore that the provision of the Code of 1876, § 425, did not apply.    The court, in disposing of that contention, said: "The earlier cases under section 462 of the Civil Code of Practice of 1854 tended to support this theory.    Citing *Flood* v. *Flood,* and *Phillips* v. *Phillips, supra.* "But," the court continues, "in view of the decision in *Phillips* v. *Phillips,* the words directly or indirectly, were inserted in section 425 of the present Code (1876) and it was further provided that "any property so obtained without valuable consideration shall be deemed to have been obtained by reason of marriage." And the court further said:    "If the property was obtained directly or indirectly through the husband, and there was no valuable consideration moving from her, it must have been obtained by reason of the marriage, and the statute must apply," etc.

The Legislature in passing our statute, section 2684, Kirby's

Digest (act of 1893), instead of adopting the provisions of the Code of Ky. of 1876, chose rather to adopt the language of the Code of Ky. of 1854; and as this provision of the Code had been construed by the Kentucky Court of Appeals in the manner indicated *supra,* we must presume that the Legislature adopted it with that interpretation. *McKenzie* v. *State,* 11 Ark. 594; *Nebraska Nat. Bank* v. *Walsh,* 68 Ark. 433, 438.

In Massachusetts, under a statute authorizing the court after a divorce to make a decree restoring to the wife the whole or any part of her personal estate that had come to her husband by reason of the marriage, it was held "that the statute did not apply to property which came to a husband by a trust deed made by his wife after marriage and in settlement of differences between them." *Phillips* v. *Culliton,* 26 N. E. Rep. 137.

The proof showed that on account of "unhappy differences" the appellant and appellee, long before the institution of this suit, had signed articles of separation, in which, among others, occurred the following paragraphs:

"It shall be permitted either party at any time to sue for an absolute divorce, but in such suit no alimony shall be prayed for or granted, the considerations herein given being given, accepted and received in full for all interest either one may' have in the estate of the other."

"The said husband has and now pays to the said wife the sum of $4,141.50 in cash, being a full one-third of the worth of. all the property, money or choses in action of the said husband; and the same is here and now accepted by the said wife in full of all her dower or marital rights in the present or any future estate of the said husband, and the balance of the present or future estate of the said husband shall belong absolutely to him free from any interference or claim by the said wife thereto."

A few weeks after their separation, they concluded to live together again, upon condition that the husband would deed her one-half of the farm on the "State Line," and that she should be satisfied, do "what was right" by her husband and the children, and would "help to improve the farm with the money she had." The deed was executed by him to a third party, and by this party conveyed, according to previous understanding, to appellant and his wife jointly. Some time after that he purchased another

place, and had the deed made to himself and wife jointly. At the time of the separation he paid her in cash, according to his testimony, $3,719. The proof showed that she had an insurance policy on her husband's life worth $1,150. "She did not turn over to her husband, when they resumed living together, any of the property she got on separation."

It follows from what we have said that the property in controversy was not in consideration and by reason of the marriage, and can not be restored to appellant under the statute. But appellant contends that the consideration upon which the property was given and conveyed to appellee failed when appellee failed to live with appellant and conduct herself properly as his wife, and that the property should be restored to him, regardless of the statute.

In *Kinzey* v. *Kinzey*, 115 Mo. 496-502, the Supreme Court of Missouri said: "A court of equity can and will interfere to restore to a party injured property which has been obtained from him by imposition or deceit. But in this case no property was obtained from the plaintiff by imposition or deceit. He was simply mistaken in the moral worth and virtue of one of the objects of his bounty. From the consequences of such a mistake of judgment a court of equity can not relieve him." The only assignment of fraud and imposition is in the amendment to the complaint, where appellee is charged with "having failed and refused to return the insurance policy or any of the other property as she agreed to do when said agreement was set aside and they resumed living together and said last conveyance of the 'State Line' property made." There is no definite allegation in this that the conveyance of the State Line farm was made in consideration that appellee would return the insurance policy or any other property. But the proof upon this point is more indefinite than the allegation. Appellant testifies that it was agreed upon the separation that he was to have the insurance policy, and it was after that, and when they had agreed to live together again, that the conveyance of the State Line farm was made. There is no clear preponderance of the evidence in appellant's favor, to say the least of it, that appellee acquired her interest in the State Line farm upon consideration that she would return the insurance policy, or any other property, and that she

practiced a fraud upon appellant in failing to perform her agreement.

The proof fails to show by a preponderance that there was any such agreement. Appellee testifies positively that there was no such agreement.

As we gather from the whole of appellant's pleadings and proof, he seems to have relied mainly upon the statute for a restoration of property, and, as we have already shown under the statute, he can not recover. The decree is therefore affirmed.

HILL, C. J., and RIDDICK, J., not participating.