### DICKSON v. DICKSON.

#### Opinion delivered March 18, 1912.

DIVORCE—RESTORATION OF PROPERTY—MISTAKE.—A postnuptial conveyance by a husband to his wife in consideration of love and affection will not be cancelled, upon a divorce being granted to her, on account of his being mistaken as to the extent of affection which existed between the parties at the time of the conveyance.

Appeal from Benton County Chancery Court; *T. Haden Humphreys,* Chancellor; reversed in part.

*Appellant, pro se.*

*C. M. Rice,* for appellee.

The deed to appellee was valid and based upon a sufficient consideration. The McNutt case, 78 Ark. 346, settles this controversy conclusively in favor of appellee. See also 80 Ark. 458; 81 Am. Dec. 758; 13 Cyc. 704, and note 79; *Id.* 743; and note 20; 60 Am. Dec. 682; 29 N. E. 524; 92 N. E. 162; 7 Am. St. Rep. 863; 13 Cyc. 531; 81 Ill. 176; 75 Ark. 131; 34 Miss. 18; 13 Cyc. 529.

McCULLOCH, C. J. The plaintiff, E. H. Dickson, and his wife, Arizona Dickson, the defendant in this case, were

married in the year 1872, and lived together in Benton County, Arkansas, until December, 1905, when the defendant instituted suit in the chancery court for divorce. The pleadings were made up and proof taken, and the cause was submitted to the chancellor and taken under advisement until the next term of court. In the meantime Mr. Floyd, one of the attorneys for the plaintiff, E. H. Dickson, endeavored to bring about a reconciliation of the parties, and succeeded in his effort. The plaintiff, besides other property, owned two lots in the city of Bentonville, and he moved a house thereon from another piece of property, improved it at a cost of several thousand dollars, and conveyed it to his wife by warranty deed, the consideration expressed in the deed being "the love and affection subsisting between him and his wife, Arizona Dickson, and the sum of $1.00 paid." Thereupon she dismissed her action for divorce, and returned to her husband, and they resided together in the house just referred to. After having lived together for awhile, they again separated, and the plaintiff instituted this suit for divorce, on the grounds of desertion and cruel treatment; and he also asked that the deed to his wife be cancelled and the property conveyed thereby be restored to him. He alleged in his complaint that the deed was executed in order to bring about a reconciliation between him and his wife, and on condition that they continue to live together as husband and wife and occupy the property jointly as a home. He alleged further in the complaint that he did not intend to convey her the absolute title, but merely a life estate. Mrs. Dickson had, prior to this time, employed one Jesse Crabaugh to construct a sidewalk around the property under the requirement of the city ordiance, and in consideration therefor had agreed to convey to Crabaugh a strip seventy-five feet wide off the west side of said lots. The plaintiff alleged in his complaint that Mrs. Dickson had no authority to enter into such contract or make such conveyance, and that he had notified Crabaugh of his objections thereto, and he sought also to enjoin his wife from executing a deed pursuant to her agreement with Crabaugh, who was joined as defendant in the action.

The defendant, Mrs. Dickson, filed her answer and a cross complaint, in which she denied all the allegations of her husband's complaint with reference to misconduct on her part,

and she asked for a divorce on the alleged ground that her husband had been guilty of such indignities as rendered her condition intolerable. She denied that said deed was executed by her husband upon any condition whatever or upon any consideration except that named in the deed itself.

Crabaugh answered, and asked that, in the event his contract with Mrs. Dickson for the conveyance of the portion of the lots be set aside, a lien in his favor be declared on the property for the price of the construction of the sidewalk.

The case was heard by the chancellor upon the depositions of witnesses, including the plaintiff and defendant themselves, and oral testimony, and a decree was rendered denying the plaintiff's prayer for divorce but granting a divorce on cross complaint of the defendant. The court found that, the deed from the plaintiff to defendant having been executed upon the consideration of "love and affection subsisting between him and his wife, Arizona Dickson, and the sum of $1.00," the consideration failed because "no love and affection existed between the plaintiff and defendant at the time of the execution of said deed, and that the attempted reconciliation failed." The court cancelled the deed and restored the property to plaintiff, but, in accordance with the terms of the statute, decreed to the wife one-third of the personal property of her husband absolutely and one-third of all the lands of which he was seized and possessed, and appointed a commissioner to set apart the same to her. The court further found that the conveyance to Crabaugh of the seventy-five foot strip off the west end of said lots was an exorbitant consideration for the construction of the sidewalk, and should not be enforced, but declared a lien in favor of Crabaugh for the fair price for the construction of the sidewalk, which the court found to be the sum of $168.70, which included interest.

The plaintiff and defendant each appealed to this court. Crabaugh did not appeal.

After a careful consideration of the record, we are of the opinion that the evidence is sufficient to sustain the finding of the chancellor as to the alleged grounds of divorce set forth by the respective parties, and sufficient to sustain the decree denying the divorce upon the allegations of the complaint and granting it on the allegations of the cross complaint. The

decree in that respect is not against the preponderance of the testimony.

Both parties, in their respective testimony, as well as in their pleadings, make charges against each other of ill-treatment, but the plaintiff's charges against his wife are entirely uncorroborated, and the charges made against him by his wife were sustained by her own testimony, which finds distinct corroboration in the testimony of their married daughter. It is shown that the plaintiff treated his wife with studied neglect, and frequently quarreled with her, and offered her gross insults. He called her a liar and a thief, and frequently reproached her on account of the alleged standing and conduct of her family, which he said brought disgrace upon his children. He admitted some of these things on the witness stand, and attempted to justify them by saying that his statements were true. Their daughter, Mrs. Patten, testified that she was present on occasions, and heard her father speak to her mother in terms of gross insult, calling her a liar and thief, and also heard him accuse her of prowling around at night. She said that her father frequently used insulting language towards her mother, and that such conduct on his part was almost an everyday occurrence. Upon that state of the proof, we are of the opinion that the finding of the chancellor is sustained by the preponderance of the evidence, and the decree in this respect should be affirmed.

The decree with respect to the cancellation of the deed can not, however, be sustained. The plaintiff claims in his testimony that he executed the deed to his wife on condition that she would come back and live with him as they had lived before. And, to use his exact language, he stated that "the conditions were that she was to return home and live a more faithful and agreeable wife than she had theretofore." He does not undertake to state any other condition upon which the deed was executed, but he does say that it was contemplated that the property was to be a home for both of them, and that he had no intention of conveying her the absolute title. Mr. Floyd, who was plaintiff's attorney and prepared the deed, but who withdrew from the case before the trial below, was called as a witness and testified, without objection from either party. He states that he brought about the reconciliation be-

tween Mr. Dickson and his wife, and that, after conferring with
Mrs. Dickson's attorney, it was agreed that plaintiff would
convey the property to his wife. He does not state any con-
dition in the execution of the conveyance, though he does say
that he advised Mr. Dickson that, in the event plaintiff became
entitled to a divorce, the property would be restored to him.
The defendant and her daughter, Mrs. Patten, both testified
that there was no agreement with reference to the conveyance
except that, "if she would live with him, he would treat her
right and make her the deed." Their testimony tends to
establish the fact that she did go back to her husband, and was
not thereafter at fault in her conduct toward him. The chan-
cellor's finding upon the question of divorce necessarily implies
a finding that the plaintiff was at fault in his conduct toward
defendant, and that the latter was not at fault. It necessarily
follows that, under this state of the case, the plaintiff was not
entitled to a restoration of the property. Under those circum-
stances the property was not "obtained from or through the
other during the marriage and in consideration and by reason
thereof," within the meaning of the statute. *McNutt* v.
*McNutt*, 78 Ark. 348. The ground upon which the chancellor
decreed the restoration of the property, namely, that there was
a failure of consideration, because no affection actually existed
between the parties at the time of the execution of the deed,
is untenable. This is settled by the case of *McNutt* v. *McNutt*,
*supra*, and the case of *Kinzey* v. *Kinzey*, 115 Mo. 496, which
we cited with approval in the McNutt case. In that case it
was said: "No property was obtained from the plaintiff by
imposition or deceit. He was simply mistaken in the moral
worth and virtue of one of the objects of his bounty. From
the consequences of such a mistake of judgment a court of
equity can not relieve him."

In this case, as in the McNutt case, there is no claim of
imposition or deceit having been practiced. The proof does
not sustain the contention that the deed was executed upon any
kind of conditions, and, as before stated, a court of equity will
not set aside a conveyance on account of a mistake as to the
extent of affection which existed between the parties at the
time of the conveyance.

That part of the decree which declares a lien on the lots,

instead of enforcing the agreement to convey seventy-five feet off the west end, operated for the benefit of the defendant, and Crabaugh did not appeal. The defendant does not now complain of that part of the decree, and the same should be affirmed.

The decree, in so far as it cancels the deed from plaintiff to defendant and restores the title to plaintiff, is reversed, and the cause is remanded with directions to enter a decree dismissing the complaint with reference thereto.