## JOHNSON *v.* JOHNSON.

### Opinion delivered February 28, 1916.

DIVORCE—DIVISION OF PROPERTY.—Plaintiff and defendant, acquired title to certain property, holding title as an estate by the entirety. Plaintiff (the wife) sued defendant for divorce, but defendant was granted a divorce on his cross-complaint; the defendant prayed that the title of plaintiff be divested out of plaintiff and vested in him, alleging that plaintiff, by fraud, induced defendant to purchase the property and place the title partly in her name. *Held*, Kirby's Digest, § 2684, did not apply, and that defendant would be denied relief, the evidence being insufficient to overcome the presumption that he had intended to make a gift of the property to his wife.

Appeal from Garland Chancery Court; *Jethro P. Henderson,* Chancellor; affirmed.

*Martin, Wootton & Martin,* for appellant.

1.   The property involved was received by the appellee "in consideration and by reason of the marriage

annulled," and, under the statute, should be restored.
Kirby's Dig., § 2684. The construction of this statute in
*McNutt* v. *McNutt,* 78 Ark. 351; *Harbour* v. *Harbour,*
103 Ark. 273-283, was, in each case, upon facts differing
from those presented in this case.

As held in the Harbour case, *supra,* the presumption
that a gift from husband to wife is an advancement, is
not conclusive, and may be rebutted. See, also, 71 Ark.
373.

In no case has the court held where a husband has
caused land to be conveyed to himself and wife jointly
that this was an advancement. Such a form of convey-
ance, and the creation of this peculiar estate, are poten-
tial evidence of an intention to more firmly cement the
marriage tie, and must be taken as "in consideration and
by reason thereof."

2.   Appellee practiced such fraud upon appellant
as entitles him to a cancellation of the deed to her. *Har-
bour* v. *Harbour, supra.*

*Davies & Davies,* for appellee.

1.   If the conveyance was a gift, it does not fall in
the class of property mentioned in the statute, Kirby's
Dig., § 2684. We think this case is settled adversely to
appellant by the case of *Wood* v. *Wood,* 116 Ark. 142.

2.   There is no evidence at all of fraud on the part of
appellee. The burden of proof was on the appellant.
He did not meet it.   115 Ark. 416; 66 Ark. 305.

McCULLOCH, C. J. The parties to this appeal were
husband and wife and resided in Garland County, Ark-
ansas, where they acquired title to certain real estate
there during their coverture. The conveyance of the
property was to them jointly, which constituted an estate
by the entirety. Appellee (the wife) commenced this suit
for divorce in the Garland Chancery Court, and appel-
lant filed a cross-complaint, praying for a divorce on al-
leged grounds of misconduct of appellee, and also prayed
that the title to said property be divested out of appellee
and vested in appellant. The court granted the divorce

on the prayer of appellant's cross-complaint, but denied any relief with respect to the property in controversy. Relief is sought under the statute of this State which provides that, "In every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and where the divorce is granted to the wife, the court shall make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration or by reason thereof." Kirby's Digest, § 2684.

In *McNutt* v. *McNutt*, 78 Ark. 346, we gave a construction to the statute following that given by the Court of Appeals of the State of Kentucky, whence our statute was borrowed, that the word "consideration" meant "the act of marriage, or some agreement or contract touching or relating to the act of marriage," and the words "by reason thereof" to relate to such property "as either party may have obtained from or through the other by operation of the laws regulating the property rights of husband and wife."

The statute thus interpreted does not apply to the facts of the present case, it being merely alleged that the wife by fraud induced the husband to purchase the property and place the title partly in her name.

The same construction was placed on the statute in the more recent case of *Harbour* v. *Harbour*, 103 Ark. 273, but relief was granted to the husband on the ground that there had been fraudulent conduct on the part of the wife whereby the husband was induced, in consideration of his affection for her, to convey certain property. Perpetration of fraud was the basis for the relief granted in that case, and it was held that the proof was sufficient to overcome the presumption that the conveyance was intended as a gift or an advancement to the wife.

Under the proof in the present case, as abstracted, we can not say that the chancellor was wrong in holding that it was insufficient to overcome the presumption.

The decree is therefore affirmed.