## PRICE v. PRICE.

### Opinion delivered February 26, 1917.

1. HUSBAND AND WIFE—ILL-TREATMENT—CONDONATION.—A voluntary resumption of co-habitation by the wife after separation from her husband, on account of cruel treatment constituting grounds for divorce, operates as a condonation of the cruelty.

2. DIVORCE—FORMER ACTION—USE OF TESTIMONY TAKEN AT FORMER TRIAL.—A wife brought an action for divorce against her husband, but her action was dismissed for want of equity; subsequently the husband brought an action for divorce against the wife. *Held*, testimony taken in the first action was inadmissible in the second.

3. DIVORCE—FORMER DIVORCE—PROPERTY.—A wife obtained a divorce from her husband and was awarded certain lands by the court. The parties later remarried, the wife deeding the land back to her husband. Thereafter the husband sought and obtained a divorce from his wife for cause, the decree being affirmed in this court. *Held*, the wife was not entitled to a return of the land above mentioned under Kirby's Digest, § 2684.

Appeal from Yell Chancery Court, Dardanelle District; *Jordan Sellers*, Chancellor; affirmed.

*John B. Crownover*, for appellant.

1. The chancellor erred in granting appellee a divorce and in giving all the property to him. Kirby's Digest, § 2684.

Indignities to the person need not consist of personal violence, but may be unmerited reproach, rudeness, contempt, studied neglect, open insult and other things habitually and systematically pursued to an extent which would render a woman's life intolerable. Nor is it necessary that she be entirely blameless. 44 Ark. 429; 53 *Id.* 484.

2. Appellant was entitled to have restored to her all of the property that she had in her own right, and was entitled to a part of what they both had. 16 Ark. 296; 80 *Id.* 37; 39 L. R. A. (N. S.) 193; 77 *Id.* 94; 98 *Id.* 540; 94 *Id.* 485.

3. It was error to sustain the pleas of *res adjudicata* and estoppel.

*R. F. Sandlin* and *Hays & Ward*, for appellee.

1. The decree of the chancellor is supported by the evidence. Mutual forgiveness and condonation of past causes of divorce was shown. 88 Ark. 59; 98 S. W. 975; 73 Ark. 261; 87 *Id.* 175.

2. The decree rendered March 21, 1916, is correct and is supported by a clear preponderance of the testimony. Wilful desertion was shown. Appellant was not entitled to a divorce upon her uncorroborated testimony. 102 Ark. 58; 38 *Id.* 324; 34 *Id.* 37; 76 *Id.* 38; 90 *Id.* 43.

3. She was not entitled to be endowed. Kirby's Digest, § § 2684, 2694; 59 Ark. 452. Her conveyance to Price in consideration of marriage was valid. 30 Ark. 417; Kirby's Digest, § 3654, subd. 3; 1 Elliott on Cont. 241. In her cross-complaint she did not ask the court to restore the property conveyed by her in July, 1911. 59 Ark. 452. The finding of the chancellor

as to divorce an¡d property is right and amply sustained. 90 Ark. 43; 72 *Id.* 67; 62 *Id.* 611.

HART, J. On the 27th day of July, 1915, J. H. Price brought suit against his wife, Seleetha J. Price, for divorce on the ground of wilful desertion for more than one year without reasonable cause. She denied the allegations of the complaint and alleged that she was forced to leave home on account of his ill-treatment. By way of cross-complaint she asked for a divorce on the statutory ground of cruel treatment.

The chancellor dismissed the cross-complaint of the defendant and decreed the plaintiff a divorce on the ground of desertion. The infant daughter of the parties was awarded to the custody of the defendant. The plaintiff was given the right to visit the infant daughter at all reasonable times and it was decreed that he should pay the sum of $10 monthly for her support and maintenance. The court also gave judgment for the defendant for attorney's fees and costs of court. The defendant has appealed.

The plaintiff and defendant were first married on December 16, 1888, and nine children were born unto them. They were divorced in March, 1911, and the chancery court which entered the decree also awarded to the wife personal property to the amount of $255 and real estate to the amount of twenty-four acres. In July, 1911, they were remarried and just before the ceremony was performed, Mrs. Price reconveyed the twenty-four acres of land to J. H. Price. They lived together until June, 1913, when Mrs. Price left her husband and brought suit against him for divorce and also for the restoration of the property. Statutory ill-treatment was the ground for divorce alleged in her complaint and evidence was introduced tending to prove her charge. The husband denied the allegation of her complaint and introduced testimony tending to establish his defense.

The court found against Mrs. Price and on March 19, 1914, entered of record a decree dismissing her com-

plaint for divorce and restoration of property, for want of equity.

On March 28, 1914, she again returned to her husband's home and lived with him until July 3, 1914; at which time she again left him and has been wilfully and continuously absent from him ever since.

The plaintiff testified in his own behalf in the present case and stated that he treated his wife kindly and affectionately and provided for her as well as his condition in life would permit. He denied that he had ill-treated her in any way or had so conducted himself as to give her any reasonable grounds for leaving him. He stated that she left her home against his will and that he wanted her to stay there with him.

Three of their children and also a daughter-in-law corroborated his statements. Each of them denied that their father had in any wise ill-treated their mother. They stated that he had treated her kindly and had given her no cause whatever for leaving him and that she had left him of her own accord on the third day of July, 1914, and had been wilfully and continuously absent from his home ever since.

The defendant testified in her own behalf and according to her testimony she was forced to leave home by her husband continually quarreling at her and otherwise mistreating her. No testimony was introduced tending to corroborate her statements except the testimony taken on the former divorce suit.

(1-2) It will be remembered that she had brought suit against her husband for divorce on the ground of statutory ill-treatment and that in March, 1914, her complaint had been dismissed. She introduced the depositions taken in that case to corroborate her testimony in the present suit. No appeal was taken from the decree in that case and the presumption is that the decision of the chancellor was correct. The testimony taken in that case can not be used as evidence in the present case. A few days after the decree was entered of record, she returned to her husband's home and lived with him as his wife for several months. By

so doing she condoned his mistreatment. A voluntary resumption of cohabitation by the wife after separation on account of cruel conduct constituting grounds for divorce operates as a condonation of the cruelty. Their reconciliation and living together as husband and wife from March, 1914, until July of the same year amounted to a condonation of past causes of divorce. Neither the husband nor the wife can forgive the acts of, and cohabit voluntarily with the other, and at the same time reserve the right to assert them as a means of obtaining a divorce, if there be no further misconduct, or as a screen to prevent a divorce being obtained on account of subsequent breach of marital duty by the condoning party. *Shirey* v. *Shirey*, 87 Ark. 175; *Mathy* v. *Mathy*, 88 Ark. 56; *Womack* v. *Womack*, 73 Ark. 281.

It follows that the court did not err in dismissing the cross-complaint of the defendant. The testimony of the plaintiff and the four children was sufficient to warrant the chancellor in finding for the plaintiff and in granting him a divorce.

It is to be regretted that children should be drawn into these cases and take sides with either parent against the other, but we must take the record as we find it, and when this is done we can not say that the finding of the chancellor is against the preponderance of the evidence. It is true the wife contradicts the testimony of the husband and their children, but she is not corroborated by any other witness and no effort was made by her to introduce such corroborating evidence.

(3) Again it is insisted that the court erred in not restoring to her the twenty-four acres of land which had been awarded to her by the former decree of divorce and which she had deeded back to her husband immediately preceding her marriage. This property is asked to be restored pursuant to section 2684 of Kirby's Digest, but her contention in this respect has been decided adversely to her in the case of *Dickson* v. *Dickson*, 102 Ark. 635. A precisely similar contention was made in that case and the court held that the property was

not "obtained from or through the other during the marriage and in consideration and by reason thereof" within the meaning of the statute.

It follows that the decree must be affirmed.