REED *v.* FIRST NATIONAL BANK OF CORNING.

Opinion delivered December 8, 1919.

JUDGMENT—CONFORMITY TO PLEADING.—In an action to enforce a vendor's lien upon land, a complaint in which the only reference to a certain defendant was an allegation that such defendant claims an interest in the land was insufficient to sustain a decree by default against such defendant for recovery of the purchase money.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley,* Chancellor; reversed.

*C. T. Bloodworth,* for appellant.

It was error to render a personal judgment against appellant, as no liability is shown by the evidence or alleged in the complaint that he owed any part of the consideration for the property. 73 Ark. 221. The complaint

states no cause of action against Reed, the appellant. 8 Ark. 456; *Ib.* 484; 25 *Id.* 570; 66 *Id.* 113; 74 *Id.* 468; 89 *Id.* 117; 107 *Id.* 353.

McCulloch, C. J. Appellee instituted this action in the chancery court of Clay County (Western District) against appellant and one Brown to foreclose a lien on certain real estate for the purchase price. It was alleged in the complaint that J. E. Matthews sold the real estate in question to Brown and that Brown executed to Matthews the promissory notes in suit, which were assigned to appellee by Matthews. The only reference in the complaint to appellant was as follows:

"That plaintiff understands that the defendant, Ernest Reed, is claiming some interest or claim on said lot."

The notes were exhibited with the complaint. Appellant and Brown were both served with summons to appear in the action, but neither appeared, and there was a default decree against both of them, which was for the recovery of the amount of the notes ($740.80) and for foreclosure of the vendor's lien on the real estate conveyed by Matthews to Brown. Appellant has prosecuted an appeal from the personal decree against him for recovery of the amount of the notes.

The decree was obviously wrong to the extent that it was for the recovery of the amount of the notes from appellant personally. The complaint contained no allegation which would be sufficient to warrant such a decree. The only allegation was that he was claiming some interest in the lot sold by Matthews to Brown. This feature of the decree may have been an inadvertence or misprision of the clerk in entering the decree, but as the decree stands upon the record it is erroneous and appellant is entitled to a reversal to that extent.