JOHNSON *v.* SWANSON.

4-7709                                    189 S. W. 2d 803

Opinion delivered October 15, 1945.

Rehearing denied November 12, 1945.

*Ben M. McCray,* for appellant.

*Kenneth C. Coffelt,* for appellee.

Robins, J. Appellee brought replevin in the lower court against appellant, his divorced wife, to recover from her possession of an automobile which he claimed to own. Appellant defended on the ground that the car belonged to her, claiming to have purchased it and paid for it with her own funds, and on the further ground that appellee's rights, if any, were barred by the divorce decree in her favor. From a judgment, based on verdict of trial jury, in favor of appellee, appellant prosecutes this appeal.

These parties lived together as husband and wife for about twenty years. Appellee testified that he knew nothing about appellant's intention to leave him until, returning home from his work on December 13, 1943, he found that his wife had gone, taking with her the car here involved. She testified that appellee drove her away from home, telling her to take with her any personal property she wanted. Appellee's testimony was to the effect that he bought the car in question from a dealer in Little Rock in 1941, that the bill of sale therefor was made to him as purchaser, and that he paid all of the deferred payments of the purchase money from his earnings. He stated that every two weeks, when he was paid off, he gave his wife the checks, and she made the payments to the automobile agency. He was corroborated as to the form of the bill of sale (which was not produced) by his attorney, who testified that he had seen it. Appellant testified that she bought the automobile and paid for it from her earnings. Her sister, who stayed part of the time with the parties, testified: "Q. During the time you were there, do you know who claimed the automobile, who said it was theirs? A. She felt like it belonged to her. . . . I know she made the payments. . . . She made forty dollars a month besides room and board."

Appellant obtained her divorce on January 20, 1944, in the Pulaski chancery court, and a copy of the decree in her favor was introduced in evidence by appellant. It

contained the following clause: "That all property not disposed of at the commencement of this action which either party hereto obtained from or through the other during the marriage hereby annulled, and in consideration or by reason thereof, be restored to them respectively."

The complaint in the divorce suit was not introduced in evidence, nor was there any proof of its contents, except appellee's testimony—not denied by appellant—that appellant, in the divorce proceeding, asked for a divorce and for no other relief. He further stated that he had no chance to contest the suit because he was in the hospital at the time.

Appellant does not complain of the instructions given by the lower court. Among these were the following:

"If you find from the testimony in this case that the automobile in question was the property of the parties to this suit during the time they were married, and that same was acquired by either of them by reason of said marriage through or from the other, and the same was not disposed of by order of a court of competent jurisdiction, then you are instructed to find for the defendant."

"You are instructed that the divorce decree granted by the chancery court of Pulaski county, Arkansas, between the parties to this action is a legal, valid and final decree of a court of competent jurisdiction and the question of residence of the defendant has no bearing on the case at bar, and you are instructed not to consider any testimony relative to her residence at the time the decree was rendered, or any other testimony relative to any of the proceedings had in that suit as it has been fully adjudicated."

Appellant urges that the lower court was without jurisdiction because the rights of the parties were fully adjudicated in the divorce suit; and that the appellee failed to establish his case by a preponderance of the testimony.

Unless the title of the automobile was settled by the decree in the divorce case, appellee was not precluded

from seeking to recover it in a separate proceeding. The automobile is not mentioned in the divorce decree, but appellant contends that the language of the decree, quoted above, is broad enough to embrace it. This language was evidently used in compliance with the following provisions of § 4393 of Pope's Digest: "In every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and where the divorce is granted to the wife, the court shall make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration or by reason thereof. . . ."

But we have held in many cases that this section relates only to property specifically mentioned therein; that is, property "which either party obtained from or through the other during the marriage and in consideration or by reason thereof."

For example, it was held in the case of McNutt v. McNutt, 78 Ark. 346, 95 S. W. 778, that this statute does not refer to property conveyed by a husband to his wife on a voluntary separation or on a restoration of the marital relation; in Harbour v. Harbour, 103 Ark. 273, 146 S. W. 867, that it did not refer to gifts or advancements by a husband to his wife. Other cases in which the operation of the statute was limited are Dickson v. Dickson, 102 Ark. 635, 145 S. W. 529; Price v. Price, 127 Ark. 506, 192 S. W. 893; and Biddle v. Biddle, 206 Ark. 623, 177 S. W. 2d 32.

This statute was borrowed from the Kentucky code. In the case of Patrick v. Prater, 144 Ky. 771, 139 S. W. 938, it was invoked as a defense by a divorced husband in a suit by his former wife to recover a one-half interest in certain lands which she claimed should have been con-

veyed to both instead of to the husband alone, as was actually done. In that case the Kentucky Court of Appeals said: "Nor did the proceedings in the divorce suit affect appellee's right to recover this property. It does not appear from the record that this property was in any manner involved in the divorce proceedings, or that the judgment in that action determined in any manner appellee's interest in this property or her right to recover it."

In the case of *Apple* v. *Apple,* 105 Ark. 669, 152 S. W. 296, this court sustained a decree in favor of a former wife against her former husband enforcing (in an action brought by her after the lapse of the term at which the divorce was granted) a verbal agreement between the parties during the marital relation as to division of personal property.

There are numerous decisions holding that, when property rights are not settled in a divorce action, they may be adjusted in a subsequent, separate proceeding. Some of them are: *Judd* v. *Judd* (Mich.), 158 N. W. 948, 160 N. W. 548; *Hicks* v. *Hicks* (Wash.), 125 P. 945; *Coats* v. *Coats,* 160 Cal. 671, 118 P. 441, 36 L. R. A., N. S., 844; *Gray* v. *Thomas* (Tex.), 18 S. W. 721; *Thomas* v. *Thomas,* 27 Okla. 784, 109 P. 825, 113 Pac. 1058, 35 L. R. A., N. S. 124, Ann. Cas. 1912C, 713. The term "property rights," as here used, does not, of course, include the interest, by way of inchoate dower, possessed by the wife in property of her husband, which interest must be determined in the divorce proceeding and is concluded by the decree rendered therein. *Taylor* v. *Taylor,* 153 Ark. 205, 240 S. W. 6.

Under the lower court's instructions the jury must have found that the automobile did not belong in the category of property title of which was settled by the court's decree. As a matter of fact, there was no testimony whatever to support a finding that the car was transferred to either party by reason of or in consideration of the marriage. Appellant claimed that she herself bought and paid for the car. Under her version of the matter, appellee never at any time owned the car; and under appellee's version title to the car was never vested

in appellant. We conclude, therefore, that neither the statute (§ 4393, Pope's Digest) nor the decree of the chancery court, in accordance with the statute, was a bar to appellee's action.

It was not shown that the title to this automobile was put in issue in the divorce case so as to sustain a plea of *res judicata* herein by appellant. The burden of establishing such a plea was on appellant. She failed to introduce a copy of the complaint or to show otherwise that this question was actually presented by the pleadings. Appellee testified that appellant did not ask for the car in the divorce proceeding. Since appellee did not answer or otherwise appear in the divorce proceeding, no issue not tendered in the complaint in that case could be said to be adjudicated by the decree therein. *Reed* v. *First National Bank of Corning,* 141 Ark. 111, 216 S. W. 306; 34 C. J. 191.

In support of her contention that appellee failed to establish his case by a preponderance of the evidence, appellant cites decisions of this court wherein it was said that the testimony of an interested party may not be held to be undisputed, although there is no contradiction thereof in the record. Those cases are not applicable here. In the case at bar appellee's testimony was to some extent corroborated by that of another witness; and it was sharply disputed by appellant, who was in some degree corroborated by her sister. It was peculiarly within the power of the jury to settle this dispute. The jury saw the witnesses and observed their demeanor on the witness stand. The jury's finding, based as it is on substantial evidence, is conclusive.

No error appearing in the record, the judgment of the lower court is affirmed.