## SUCCESSION OF JAMES PETER CURLEY.

A sale of real estate belonging to a succession, without appraisement, is null and void, and the purchaser is not bound to comply with the adjudication.

The general rule requires succession property to be sold, after advertisement of ten days for movables and thirty days for real estate.

The expression, in the Act of 17th January, 1838, " that the curator so appointed shall cause the effects of said succession to be sold, and the proceeds to beapplied to the payment of the debts of the deceased; the whole to be done in as summary a manner as possible, to diminish costs, and under the immediate direction of the Judge," does not convey any such meaning, nor substitute the will of the officer in lieu of the law passed to protect the creditor and the heirs, and to call as much competition as possible. In as summary a manner as possible, means as possible according to law, speedily and diligently as allowed by law, but not against law. The sale, therefore, was legally impossible, without previous advertisement of thirty days.

APPEAL from the Second District Court of New Orleans, *Thomas,* J. *Frank Haynes,* for E. Burke, appellant. *A. S. Villere,* for Mrs. Curley, appellee.

LABAUVE, J. This is an appeal taken from a judgment, making the following rule absolute :

On motion of Widow James Curley, administratrix of the estate of James Peter Curley, her deceased son, and on suggesting to the Court that, at a public sale made by R. M. Montgomery, auctioneer, pursuant to an order from this Court, the property described in the inventory, and situated on Martin street, was adjudicated to one E. Burke, of this city.

That, in order to give a clear title to the said purchaser, it becomes necessary to cause the mortgages recorded against said property, and fully set forth in the certificate this day filed, to be erased. It is therefore ordered, that :

1. The recorder of mortgages ; 2. James Curley, tutor of the minors, Mary, Ellen and James Curley; 3. The New Orleans Draining Company ; 4. The said E. Burke, show cause, on Thursday, the 23d day of November, 1865, at 11 o'clock, A. M., why the said mortgages should not be erased and cancelled, and why the said Burke should not be condemned to comply with the adjudication of said property, or, in default thereof, why

judgment should not be rendered against him for the full sum of four hundred and fifty dollars, with interest and costs.

E. Burke answered that no appraisers were appointed and sworn, to value said lot of ground. That the said lot was sold and adjudicated after ten days' advertisement. That the property is incumbered by mortgages; one in favor of R. W. Montgomery, for $164; another for $500, for administration of Joseph Curley as tutor of minors, from whom he purchased draining privilege N. O., and that the administrator must give him a good title.

The Court below, after hearing the evidence, made the rule absolute, and E. Burke appealed.

This succession being small, the administrator was appointed and the property ordered to be sold, under the provisions of the statute of 17th January, 1838, p. 5, amending the Article 1178 of the Civil Code. The evidence shows that the lot was not appraised by appraisers, appointed and sworn, and that it was sold under an order of Court, dated 13th October, on the 28th October, 1865, showing clearly that there was not thirty days' advertisement.

We are of opinion that our learned brother erred; that the sale of said lot is null and void; and that, consequently, the purchaser and adjudicatee is not bound to comply with the adjudication.

This property should have been estimated previous to the sale, by appraisers, appointed and sworn. Civil Code, Arts. 1096, 1097, 1098, 1178. The general rule requires succession property to be sold after advertisement of ten days for movables, and thirty days for real estate. Civil Code, Art. 1159.

The statute of 17th January, 1838, already referred to, does not dispense with those essential delays.

The expression, that the curator so appointed shall cause the effects of said succession to be sold, and the proceeds to be applied to the payment of the debts of the deceased; the whole to be done in as summary a manner as possible, to diminish costs, and under the immediate direction of the Judge," does not convey any such meaning, nor substitute the will of the officer in lieu of the law passed to protect the creditor and the heirs, and to call as much competition as possible. *In as summary a manner as possible*, means as possible according to law, speedily and diligently, as allowed by law, but not against law. The sale, therefore, was legally impossible, without previous advertisement of thirty days.

It is therefore ordered and decreed, that the judgment appealed from be annulled and avoided, and the rule be discharged and set aside.

It is further adjudged and decreed, that E. Burke, the adjudicatee, be released from all obligations under the adjudication, which is declared a nullity, and that the succession pay all costs upon the rule in both Courts.