# TURNER VS. TAPSCOTT, Adm'r.

1. APPEAL: *When second appeal allowed.*

   A party who has taken an appeal without supersedeas, and failed to perfect it within the time required by law, may take another appeal at any time within the period during which appeals are allowed.

2. — *Practice on second appeal.*

   In such cases it is the better, but not the necessary practice, to have the first appeal docketed and dismissed before taking a second appeal.

APPEAL from *White* Circuit Court.

Motion by appellee to dismiss appeal.

*J. M. Moore*, for the appellant.

— *McRae, contra.*

HARRISON, J. An appeal was taken in this case in the court below, without supersedeas, on the 27th day of February, 1873; but no transcript was filed here until the 27th day of February, 1874, when the appellant applied to and obtained from the clerk of this court another appeal, and thereupon filed the transcript.

The appellee has moved to dismiss the appeal thus taken before the clerk, and insists in support of his motion that the appellant having failed to file the transcript of the record within ninety days after his appeal in the court below was taken, he lost the right to file it afterwards, and also to any appeal in the case. Conceding that after the expiration of ninety days the appellant may not, unless for good cause shown, file the transcript, the question presented is: . Has a party who has once taken an appeal and failed to perfect it by filing the transcript in proper time, or the same has for any cause been dismissed, the right to take another appeal at any time within the period in which appeals are allowed? In

*Yell v. Outlaw*, 14 Ark., 414, the court decided that after an appeal had been taken and submitted, and afterwards dismissed by the appellant, he might have a writ of error in the same case.

We think it difficult to find a distinction in principle, or a difference in effect upon the rights of the parties, between a second appeal and a writ of error taken after an appeal has been taken, and for any cause dismissed or abandoned.

The same object is attained or sought, whether the cause is brought here by appeal or writ of error, and the same consequences follow the affirmation or reversal of the judgment. *Pope v. Latham*, 1 Ark., 66. In the case just referred to, a distinction was made between the cases where the judgment was not superseded and those where it was; and the court say: "If the successful party in the court below is not hindered by the appeal from having execution, no good reason is perceived why the appellant may not dismiss his appeal at any time before the final adjudication of it, with like effect as if he had brought the cause here for revision, by writ of error without supersedeas."

In addition to the reason there given for the distinction, we will remark that the court below has no power over the supersedeas, whether the appeal has reached here or not, and that it is subject to the jurisdiction and control of this court alone. The view we have here indicated is in accordance with the settled practice in the supreme court of the United States, which allows a party to take a second appeal within five years from the date of the rendition of the judgment, when the first has not been legally prosecuted, or been dismissed. *Yeaten v. Lenox*, 8 Pet., 123; *United States v. Curry*, 6 How., 106; *Virginia v. West*, 19 How., 182; *Costia v. United States*, 3 Wall., 46; *United States v. Gomez*, id., 752.

But whilst we hold that the appellant, notwithstanding he

took an appeal in the court below, but failed to perfect it by filing the transcript in time, still has a subsisting right to an appeal, and therefore refuse to dismiss that now pending, we think the better practice, where the appeal which does not have the effect to supersede the judgment or decree is for any cause not prosecuted, to be for the appellant to make application to the court to have the case docketed, and then ask to have the same dismissed before applying for a second appeal.

The motion to dismiss the appeal is overruled.