HICKMAN ET AL V. FORD & CO.

1. REPLEVIN: *Identity of goods: Separate value of each article.*

In ascertaining the separate value of each article of goods replevied from a sheriff who had seized them under an attachment, it is admissible for the jury to take to the jury room the invoice of the goods taken by the sheriff when he took possession of them, where the invoice is proved to be correct in description and value.

APPEAL from *Benton* Circuit Court.
Hon. J. M. PITTMAN Circuit Judge.

*E. S. McDaniel* for appellants.

It was error to permit plaintiff, after submission of the case to the jury to amend the complaint. *Gantt's Dig.*, *Secs.* 4613–4616. The jury should have found the separate value of each article. 37 *Ark.*, 545.

*E. P. Watson* for appellees.

The bill of exceptions not setting forth the instructions nor all the evidence, this court will affirm. 40 *Ark.*, 185.

The amendment was proper. *Gantt's Dig.*, 4616; 33 *Ark.*, 811; 1 *Metc.* 339. So the sending the jury back to amend their verdict. *Gantt's Dig., Sec.* 4699, 4619; 7 *How.*, 21; *Hilliard on New Trials, p.* 107–8–9.

SMITH J. This was replevin for a stock of merchandize against a sheriff, who had seized the same by virtue of sundry attachments against parties from whom the plaintiffs had previously purchased. The jury found the issues for the plaintiffs and ascertained the aggregate value of the goods. This verdict the court refused to receive and directed the jury to find the separate value of each article. As there were several hundred articles and it was obviously impossible for the jury to remember all of them and the value of each, they were permitted to take with them to the jury-room a certain invoice of the goods. It had been proved on the trial that this invoice had

been made after the sheriff had taken possession of the goods and while they were still in his hands; that it contained a correct list of them and that each article was of the value annexed to it in the invoice. The jury then found the total value of the merchandize and the separate value of each article to be as stated in the invoice. The bill of exceptions does not contain the charge of the court, nor any of the testimony except what related to the identification and value of the goods.

The only question, therefore, is whether the identity of the goods was sufficiently proved and their value found by the jury, within the rule announced in *Harp v. Ford*, 37 *Ark.*, 544.

Upon these points we entertain no doubt and the judgment is accordingly affirmed.