STATE NATIONAL BANK OF DENISON vs CARDWELL.

Opinion delivered October 3, 1896.

*Second Appeal.*

Appellant took an appeal in the court below, but failed to perfect it by filling the transcript in time. *Held,* That he still has a subsisting right to an appeal within three years from the rendition of the judgment.

Appeal from the United States Court for the Central District.

YANCEY LEWIS, Judge.

Action of the State National Bank of Denison against T. P. Cardwell, et al. Judgment for defendant. Plaintiff appeals. Defendant files motion to dismiss. Overruled.

This is a motion to dismiss the appeal taken by appellant in this cause. It appears from the record that on the 22d day of November, 1895, there was entered a judgment against the appellant, and in favor of the appellee, in the

United States Court for the Central district of the Indian Territory, at Atoka. The appellant duly excepted, was given 60 days in which to prepare and file its bill of exceptions, which was in due time done, and the bill allowed and signed by Hon. Yancey Lewis, the judge who tried the case. The appellant prayed an appeal in the lower court, and the appeal was allowed. No supersedeas bond was given, nor did the appellant perfect his appeal within the 90 days allowed by law, but seems to have abandoned the appeal taken in the lower court, and on the 3d day of June, 1896, filed its petition for appeal with the clerk of this court, which petition was filed, and the appeal allowed by the clerk. Appellee now moves the court to dismiss this appeal, upon the ground that, the appellant having prayed and obtained an appeal in the court below, it cannot secure an appeal from the clerk of this court until it has docketed the case and dismissed the appeal in the court below. It appears from the record and petition for appeal, filed by appellant, that no attention was paid to the appeal taken below, and no supersedeas bond was given.

*Ralls Bros.*, for appellant.

*C. B. Stuart*, for appellee.

SPRINGER, C. J. (after stating the facts.) This case is on all fours with the case of Turner vs Tapscott, reported in 29 Ark. 318. In that case the appeal was taken in the court below, without supersedeas, on the 27th day of February, 1873, but no transcript was filed in the Supreme Court until one year thereafter, when the appellants applied to and obtained from the clerk of that court another appeal, and thereupon filed the transcript. The court in that case stated that the question presented was as follows: "Has a party who has once taken an appeal, and failed to perfect it by filing the transcript in proper time, or the same has for any cause been dismissed, the right to take another appeal at any

time in which appeals are allowed?'' In that case the court cited Yell vs Outlaw, 14 Ark. 414, in which the Supreme Court of that state decided that, after an appeal had been taken and abandoned and afterwards dismissed by the appellant, he might have a writ of error in the same case. The Supreme Court of Arkansas, in the case of Turner vs Tapscott, supra, held that there was no distinction in principle, or difference in effect upon the rights of the parties, between a second appeal and a writ of error, taken after an appeal has been taken, and for any cause dismissed or abandoned. The same object is attained or sought whether the case is brought here by appeal or writ of error, and the same consequences follow the affirmation or reversal of the judgment. Pope vs Latham, 1 Ark. 66. The view taken by the Supreme Court of Arkansas is in accordance with the settled practice of the Supreme Court of the United States, which allows a party to take a second appeal within five years from the date of the rendition of the judgment, when the first has not been legally prosecuted or dismissed. Yeaton vs Lenox, 8 Pet. 123; U. S. vs Curry, 6 How. 106; The Virginia vs West, 19 How. 182; Castro vs U. S., 3 Wall. 46; U. S. vs Gomez, Id. 752. The Supreme Court of Arkansas, in the case of Turner vs Tapscott, held that the appellant, notwithstanding he took an appeal in the court below, but failed to perfect it by filing the transcript in time, still has a subsisting right to an appeal, and refused to dismiss the appeal then pending; and suggested, as the better practice, that where the appeal, which does not have the effect to supersede the judgment or decree, is for any cause not prosecuted, the appellant should make application to the appellate court to have the case docketed, and then ask to have the same dismissed before applying for a second appeal. We concur with the Supreme Court of Arkansas in this view of the case, and also concur with that court in its opinion in the case of Turner vs Tapscott, supra. The same doctrine has been held by the

Supreme Court of Arkansas in Kinner vs Dodds, 35 Ark. 30; Sanders vs Moore, 52 Ark. 377, 12 S. W. 783; Barstow vs Railway Co., 54 Ark. 553, 16 S. W. 574. The motion to dismiss the appeal is overruled.