SWIFT & CO., vs GUY (RUSSELL, INTERVENER.)

Opinion delivered January 12, 1899.

1. *Appeal—Failure to Perfect—Second Appeal Allowed.*

Appellant's appeal was dismissed on motion of appellee, which recited that appellant had "prayed an appeal, which was allowed," because same was not perfected within ninety days. Later appellant perfected an appeal upon application to the clerk of court of appeals. *Held,* that the dismissal of former appeal did not prejudice appellant's right, because the record did not show that he had "prayed an appeal" in the lower court, but only obtained time within which to file bill of exceptions; and because he might have a second appeal any time within three years, through the clerk of court of appeals, even had he prayed an appeal in the lower court and failed to perfect it.

2. *Evidence—Value of Attached Goods Claimed by Intervener.*

In an action of attachment wherein the attached property was claimed by a third party who intervened in the action under Mansf. Dig. Secs. 356-358, it is proper to admit evidence of the value of the goods attached in order to enable the court to make proper orders for the disposition of the proceeds thereof, when sold, in accordance with Sec. 358 Mansf. Dig.

Appeal from the United States Court for the Central District.

YANCEY LEWIS, Judge.

Action by Swift & Co. against N. B. Guy. G. S. Russell intervener. Judgment for intervener. Plaintiff appeals. Affirmed.

The appeal in this case is taken by Swift & Co. (plain-

tiff below, a corporation created under the laws of the state of Missouri) from the judgment in favor of appellee. Russell, rendered September 22, 1897. On December 13, 1895, appellant sued N. B. Guy upon an account for goods, wares, and merchandise, and caused a writ of attachment to be issued and levied upon certain personal property as the property of said Guy. Afterwards, on, to wit, February 26, 1896, after the property had been attached by the marshal, appellee filed his interplea, without giving bond, claiming the property levied upon, and that it was not liable to seizure on the order of attachment in this cause; to which interplea appellant filed its answer, denying same. On the issues made, the case was tried by a jury, and judgment was rendered in favor of Russell and against appellant for $600 and costs. Swift & Co. bring the case to this court on appeal

*Harrison O. Shepard*, for appellant.

*Rogers, Stephens & Winningham*, for appellee.

SPRINGER, C. J. Appellee has filed a motion to dismiss this appeal on the ground that an appeal in the same case, of date of June 9, 1897, has been adjudicated, upon motion by appellee to dismiss the appeal, which motion was sustained; wherefore appellee insists that this court is now without jurisdiction to try the case on appeal. This case was tried by a jury on July 2, 1896; motion was filed for a new trial the next day, and overruled September 7th thereafter; and 90 days' time was asked and granted in which to file a bill of exceptions, which was done November 6th. At the June term of this court appellee filed the transcript, and submitted a motion to dismiss the appeal and affirm the judgment, for the reason that appellant had not filed a copy of the record with the clerk of this court within the time prescribed by law. The motion to dismiss appeal was sus

tained June 9, 1897. The motion of appellee alleged that the appellant "prayed an appeal, which was allowed" by the trial court. This allegation is not correct. The record shows that no appeal was prayed by appellant in the court below. All that is shown is that appellant was allowed 90 days in which to file his bill of exceptions. There are two modes of granting appeals authorized by the statute. Mansf. Dig. Sec. 1267. One is by the court rendering the judgment; the other, by the clerk of the court of appeals, in term time or in vacation, on application of either party. After the appeal is allowed, it is made the duty of the appellant to file with the clerk of the court of appeals, within 90 days after the appeal or writ of error is allowed, an authenticated copy of the record. If the appeal is allowed by the clerk, application therefor may be made within three years next after the rendition of the judgment. Id § 1276. If the appeal is allowed by the trial court, it must be taken at the term at which the final judgment is rendered. In the case at bar appellee assumed that appellant had been allowed an appeal by the trial court, and failed to file a copy of the record in time required by law. The motion to dismiss was therefore allowed. But appellant had not asked for and had not been allowed an appeal by the trial court. He was therefore in no wise prejudiced by the action of the court, at the June term, 1897, in dismissing the appeal, appellee having filed a copy of the record for the purpose of procuring a dismissal of the appeal. Even if appellant had taken an appeal and had failed to perfect it in proper time, or the same had been for any cause dismissed without decision on the merits of the case, he could take a second appeal at any time within which appeals are allowed. Turner vs Tapscott, 29 Ark. 318; Bank vs Cardwell, 1 Ind. Ter. Rep. 311 (37 S. W. 103.) The motion of appellee to dismiss the appeal in this case, filed June 9, 1897, is therefore overruled. The petition of appellant for appeal, his supersedeas bond, and

the transcript of the record were filed with the clerk of the court of appeals in December, 1897, which was within the three-years time allowed by law for taking appeals when application therefor is made to the clerk of this court. The appeal was taken in time, and the case will therefore be disposed of on its merits.

The contention of appellant in this case is embraced in the following assignment of error: "The court erred in overruling the objection of appellant to the introduction of any evidence as to the value of the goods and chattels in controversy, for the reason that the interpleader (appellee) has interpleaded for the property taken in this cause by the marshal, under the writ of attachment, as the goods of one N. B. Guy, defendant, and therefore the value of the property taken is not a proper question to be submitted to the jury, and that the only question to be submitted to the jury is the question of ownership of said property at the time it was taken." The right to intervene in actions at law by third parties, where property has been attached, is founded upon sections 356 and 358 of Mansfield's Digest, which are as follows:

"Sec. 356. Any person may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or of any attached debt, present his complaint, verified by oath, to the court disputing the validity of the attachment, or stating a claim to the property, or an interest in or lien on it under any other attachment or otherwise, and setting forth the facts upon which such claim is founded, and his claim shall be investigated."

"Sec. 358. The court may hear the proof, or may order a reference to a commissioner, or may impanel a jury to inquire into the facts. If it is found that the claimant has a title to, a lien on or any interest in such property, the

court shall make such order as may be necessary to protect his rights. The cost of this proceeding shall be paid by either party at the discretion of the court.''

In the absence of these provisions of the Code, the claimant could bring an action of replevin. The foregoing sections must be construed in connection with sections 5145 and 5181 of the chapter in Mansfield's Digest on ''Pleading and Practice.'' Those sections are as follows:

''Sec. 5145. In actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property.''

''Sec. 5181. In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or for the value thereof, in case a delivery cannot be had, and damages for the detention. Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value, in case a return cannot be had, and damages for the taking and withholding of the property.''

These provisions clearly point out the course to be pursued in entering judgments in all actions for the recovery of personal property. Under section 358, supra, the court must make such orders as may be necessary to protect the rights of the claimant. If the attached property has been sold, there is but one way to protect the rights of the claimant who may have established his claim to the property, and that is by directing the proceeds thereof to be paid to him. In this case, therefore, it was not error for the trial court to instruct the jury that, if they found for the interpleader, they would also find the reasonable market

value of the goods attached at the time of the levy of the attachment. That fact was necessary to be found in order to advise the court as to the disposition of the proceeds of the property then in the hands of the marshal. There appears to be no reversible error in the record. The judgment of the court below is therefore affirmed.

CLAYTON and TOWNSEND, JJ., concur.