ROGERS, J.
 

 The defendants, appellees, have ruled plaintiffs, appellants, and the clerk of the district court into this court to show cause why the said clerk should not be ordered to complete the transcript of appeal by filing a supplemental transcript containing copies of certain documents and records in the files of the district court, which movers allege they offered in evidence on the trial of the case.
 

 The appellants, answering the rules, admit that certain documents and records were offered in evidence by reference by defendants and appellees, with leave to substitute certified copies thereof, but they deny that the certified copies of the documents and records were ever actually produced and filed in evidence, or were submitted to the district court for consideration in reaching its decision.
 

 The clerk of the district court has not made any formal return to appellees’ rules. However, he issued two certificates in connection with the controversy. One of these certificates is attached to the rules of the appellees, and the other is attached to the return of the appellants.
 

 In the certificate attached to the rules of the appellees, the clerk of the district court sets forth that after the case was tried, defendants’ counsel requested him to prepare certified copies of the offerings made by defendants, with certain exceptions, and to file these certified copies in the record. That the copies were prepared; whereupon, counsel for plaintiffs, whose demands were rejected, declined to pay the costs of making the copies, and.counsel for defendants took the position that the costs were taxable, and that plaintiffs, as the parties cast, should pay them in order to perfect the record and permit the completion of the transcript of appeal.
 

 In the certificate attached to the return of the appellants, the clerk of the district court states that his certificate furnished the appellees is erroneous in its recital that the coun-' sel for plaintiffs declined to pay the costs of preparing the- certified copies in question. That in order to correct' the error, he now certified that counsel for plaintiffs and appellants were never requested by his office to pay said costs; that the bill of costs was made out to counsel for defendants, who failed to pay it; and that the copies have never been filed for the reason that defend ants have never paid for them.
 

 The clerk of the district court avers that he is willing to include the documents in the transcript on being paid the costs thereof.
 

 The issue presented is essentially one of fact as to whether the documents and records in question were actually offered in evidence or submitted to the district judge for his consideration. Hence the determination of the issue belongs primarily to the court below. In support of this legal proposition, we quote approvingly from Morrison v. Lynch, 36 La. Ann. 612, as follows, viz.:
 

 “Cognizance of a proceeding of this sort, which involves the determination of matters of fact, does not appertain primarily to this Court, but to the court a qua which has au
 
 *419
 
 tho'rity to inquire into and pass upon the issues presented.
 

 “It is a practice of long standing in this Court, authorized by law, C. P. 898, 899, and 990, to issue an order, in the nature of a certiorari, to the clerk of the lower court, to direct. him to complete a transcript, represented as defective; but this is done where no dispute as to facts arises. [Hooper v. Martineau] 5 Mart. (O. S.) 668; [Mitchel v. Jewel] 9 Mart. (O. S.) 185.
 

 “When it is doubtful, whether all the evidence received below has been put of record, the matter falls within the jurisdiction of the lower court to ascertain, and, where circumstances justify, to have its clerk to do his duty by perfecting the transcript of appeal. [Hodge v. His Creditors] 3 La. 455; [Trenchard v. Elderkin] 3 La. 296.
 

 “In the recent ease of State ex rel. Cass [v. Clark] 33 La. Ann. 422, this Court held that, although the jurisdiction of the lower court abates, the moinent that the order of appeal is made and the bond-under it furnished, the power of that court, over its clerk, does not cease to have him to perform the duties imposed upon him, for the confection of a transcript of appeal. [Cowell v. Buckelew] 14 Cal. 640. The lower court, when called upon, is bound to see that such transcript be made according to legal requirements, for, this Court can exercise its jurisdiction only in so far as it shall have knowledge of the matters argued and contested below. C. P. 895; [Garniel v. Poydras] 13 La. 182; [Lyons v. Andrews] 5 La. Ann. 602; [Wilkinson v. Martin] 13 La. Ann. 479; [Hagan v. Gaunt] 15 La. Ann. 63; [City of New Orleans v. Lacroix] 18 La. Ann. 146; [Succession of Curley] 18 La. Ann. 729; [Smith v. Morrison] 21 La. Ann. 135; [Martinez v. New Orleans City R. Co.] 23 La. Ann. 28; [Meyer v. Dupree] 25 La. Ann. 216.”
 

 It would be a vain thing for this court to issue an order, without proof before it, directing the clerk of the district court to prepare a supplemental transcript containing the documentary evidence which he says is not in the record, even if such evidence was offered. But because one of the parties litigant has offered documentary evidence which has not been filed, it does not follow that in the event of an appeal by his adversary he ought to be deprived of his evidence, and placed at the mercy of his opponent.
 

 For the reasons assigned, the rules herein taken by the appellees for the completion of the transcript of appeal are dismissed with costs, without prejudice to the right of the appellees to take proper steps in the court below for such completion, and to bring up for review, should need be, the action of the court thereon, or to move for a dismissal of the appeal, if any they have for deficiencies, if any, imputable to the appellants.