**RILEY v. WALTON et al.**

No. 2222.

Court of Civil Appeals of Texas. Waco.

May 16, 1940.

Robert W. Brown and J. D. Brown, Jr., both of Gatesville, for appellant.

Stinnett & Stinnett and C. E. Alvis, Jr., all of Gatesville, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by Mrs. Martha Walton, joined by her husband, George Walton, against J. S. Riley, individually and as executor of the estate of Ruth J. Riley, deceased, on a claim against said executor and said estate which had been duly presented to him as such executor and upon which he had failed or refused to act. Said claim was originally for professional services rendered by an attorney for the benefit of the separate property of Mrs. Riley, and was evidenced by a note and secured by a mortgage lien on certain land belonging to her. Said instruments were dated September 19, 1910, and were signed by both her and her husband. They were transferred to Mrs. Walton on December 28, 1920, by the then holder. The amount due thereon at that time was $209. Said note bore interest from date and provided for payment of attorney's fees in event of suit. The maturity dates thereof were renewed and extended from time to time. The last such extension was made to Mrs. Walton on January 9, 1933, and was signed by Mrs. Riley and her husband.

Mrs. Riley died testate on September 21, 1935. Her will was admitted to probate in the county court of Coryell county on November 27, 1935. Her surviving husband, J. S. Riley, was named therein as executor. He was exempted from giving bond as such but was not authorized to administer the estate independent of the probate court. He duly qualified as executor and letters testamentary were issued to him on January 18, 1937.

Mrs. Walton presented her said claim, duly verified and accompanied by the last extension contract, to said executor, as required by Articles 3514 and 3515a, sec. 1, subdivision (a) of Vernon's Texas Civil Statutes Annotated. She stated in said claim that she desired "to have the same allowed and approved as a matured secured claim to be paid in the due course of administration." Said executor failed and refused to either allow, reject or otherwise act on said claim, and the claimant, Mrs. Walton, joined by her husband, then instituted this suit in the county court of said county to establish the same. See

Article 3517, Vernon's Texas Civil Statutes Annotated.

Said Riley, for himself and as executor of the estate of his deceased wife, filed an answer in which he included a plea assailing the jurisdiction of the county court to entertain a suit to establish said claim on the ground that said court was without jurisdiction to determine whether such claim was secured by a valid lien on real estate, and asserting that plaintiffs had waived their lien by bringing their suit in the county court, which was without jurisdiction to foreclose liens on real estate.

The trial was before the court without a jury. The court, in addition to the facts above recited, further found that said suit was one for debt in an amount within the jurisdiction of the county court; that no foreclosure of lien on any security was sought, and that no issue of waiver of lien was presented. The court further found that plaintiff Mrs. Walton was entitled to a judgment establishing such claim and thereupon ordered, adjudged and decreed that she do have and recover of and from defendant J. S. Riley, individually, and of and from the estate of Mrs. Ruth J. Riley, of which he was executor, jointly and severally, the sum of $525.29 (being $209 principal, $272.14 interest and $48.11 attorney's fees) with interest thereon from date. The court awarded execution for the enforcement of said judgment against J. S. Riley, individually, but not against said estate, but further ordered that the clerk furnish on request a certified copy of said judgment for filing in the county court sitting in probate, for entry upon the claim docket and for classification and enforcement in due course of the administration of said estate in the manner provided by law. The defendant J. S. Riley, individually and as executor of the estate of Ruth J. Riley, deceased, excepted to the judgment and gave notice of appeal. No appeal bond was filed by him in any capacity and the case is before us for review only as to errors, if any, affecting him in his representative capacity as executor of said estate.

Appellant contends that the county court of Coryell county had no jurisdiction of a civil suit to establish the claim sued on in this case and hereinbefore fully described, because the debt sued upon was secured by a lien on real estate and appellees did not seek to have such lien established by the court, and further contends that the county court was without jurisdiction to establish such lien. These contentions are based on appellant's construction of the provisions of Articles 3514 and 3515a, sec. 1, subdivision (a), to which reference has been made. Article 3514 provides, in substance, that no executor shall allow any claim for money against his testator nor shall the county judge approve the same unless such claim is accompanied by an affidavit that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed. This article has remained in its present form since 1876. Under said article it was held that a suit to establish a rejected claim for money was within the jurisdiction of the county court when the amount involved was within such jurisdiction, regardless of the fact that a vendor's lien was specifically retained in the note which evidenced the demand. Jordan v. Massey, Tex.Civ.App., 134 S.W. 804, par. 1; Carter v. Gray, 125 Tex. 219, 81 S.W.2d 647. The same holding was made even when the lien was evidenced by a separate instrument. Western Mtg. & Invest. Co. v. Jackman, Adm'r, 77 Tex. 622, 14 S.W. 305; Ralston v. Stainbrook, Tex.Civ.App., 187 S.W. 413.

Article 3515a, hereinbefore referred to, was enacted and became a law in 1931. Two methods of presenting and enforcing claims for money when such claims were secured by liens were there provided, only one of which is here involved. Subdivision (a), section 1 of said article, required the claimant to state in his claim whether he desired to have the same allowed and approved as a matured secured claim to be paid in due course of administration, and provided that in such event same should be so paid if allowed and approved. The Supreme Court held that in such cases the procedure prior to 1931 was applicable. Wyatt v. Morse, 129 Tex. 199, 102 S.W. 2d 396, 398.

There is, however, another phase of the case which requires consideration. The moneyed demand sought to be established in this case arose on September 19, 1910, and was evidenced by a note and a lien securing the same bearing that date. Both of said instruments were signed by Mrs. Riley and her said husband. Subsequent extensions of the maturity dates thereof did not affect the material elements of the contracts then and there

entered into nor control the vested rights there acquired. Such rights passed from the payee in the original instruments by successive assignments to Mrs. Walton, the plaintiff in this suit, and were not changed nor abridged by the provisions of Article 3515a subsequently enacted. Laubhan v. Peoria Life Ins. Co., 129 Tex. 225, 102 S.W.2d 399. The facts of this case do not bring it within the jurisdiction of the district court under the exception recognized in paragraph 4 of the opinion in the case last cited. The trial of this cause in the county court and the judgment therein rendered are in harmony with the procedure for the presentment and establishment of claims against the estates of decedents as prescribed by the provisions of Article 3514 of our Revised Statutes, in force when the original cause of action herein accrued, as such article was construed and applied in Jordan v. Massey, supra, and cases cited in that connection, to which reference is here made.

The judgment of the trial court in favor of appellees against appellant as executor of the estate of Mrs. Ruth J. Riley, deceased, is affirmed.