SWANSON *v.* JOHNSON.

4-8331                                    205 S. W. 2d 702

Opinion delivered November 17, 1947.

*Kenneth C. Coffelt,* for appellant.

*N. A. McDaniel,* for appellee.

HOLT, J. June 3, 1946, appellee brought this suit against appellant, her former husband, to replevin certain household goods and property which she claimed to own.

Appellant answered with a general denial and affirmatively pleaded *res judicata* as a complete defense.

On a jury trial, there was a finding in favor of appellee, and the following verdict returned: "We, the jury, find for the plaintiff and find that she is entitled to the possession of the following articles of property or the value as follows: 1 Bed Room Suite—Value $50; 1 Dining Room Suite—Value $50; 2 9x12 Rugs—Value $40; 1 Coffee Table—Value $10; 1 Electrolux Sweeper—Value $50; 2 Bed Spreads—Value $25; 6 Bed Quilts—Value $30; 1 Floor Lamp—Value $2; 1 Wine Chair—Value $10; 1 Inner Spring Mattress—Value $40. J. A. Miller, Foreman."

From the judgment comes this appeal.

After 20 years of married life, the parties here separated December 13, 1943, and appellee obtained a divorce January 20, 1944. Appellee, in her complaint for divorce, made no request for a property settlement. The decree of the trial court, evidently in compliance with § 4393 of Pope's Digest, contained the following: "That all property not disposed of at the commencement of this action which either party hereto obtained from or through the other during the marriage hereby annulled, and in consideration or by reason thereof, be restored to them respectively."

Immediately following their separation and prior to the divorce decree, appellee testified that they had a

property settlement and appellant gave her the property involved here. She further testified that she immediately removed this property from their home, along with an automobile and some other property not involved here. She had had possession of the property set out in the jury's verdict, *supra,* for approximately three years until she returned to appellant and carried it back to the home that she and appellant were occupying when they separated. She returned to appellant at his earnest solicitation and "he promised if I would come back, he would spend the rest of his life making up for what he had done," that she relied on his promise and "took the stuff and went back over there and I didn't any more than get in until the thing started and was pure hell until I left and when I left I was down sick" and was in bed for three weeks. He refused to let her have the property and placed a padlock and a notice on the door. "Q. You have been away with the property in your possession for about three years. A. Yes."

Appellee's sister, Buddy Mae Green testified that she was present when appellee and appellant separated, heard their conversation with reference to the property involved here, and that appellant told appellee she could have it, and fully corroborated appellee. Appellant denied that he gave her the property and claimed ownership.

Appellee has remarried since her divorce from appellant.

It is conceded that the property rights of the parties here were not settled by the divorce decree, *supra,* and that decree did not determine appellee's rights in the property here. Whether appellant gave her the property and that she has owned it since their separation was a question for the jury to determine, and while appellant denies that he gave her the property and that she owned it, the jury refused to accept his version of the matter and we think there was ample evidence upon which the jury based its verdict.

The record reflects that subsequent to the divorce decree, appellant sued appellee to replevin the automo-

bile, *supra,* which appellee had carried away with her following their separation, and that appellant was successful in that suit. The only property involved in that action was an automobile. None of the property here was involved. See *Johnson* v. *Swanson,* 209 Ark. 144, 189 S. W. 2d 803.

Appellant says: "The law of *res judicata* applies in the case at bar." Appellee "is barred in the instant case because when she filed her former suit for divorce she failed to ask for a division of property, and she was the one who was then doing the suing." We cannot agree that the doctrine of *res judicata* has any application in the present case.

"To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear from the record, or from extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit, or that it might have been litigated in that case." *Coleman* v. *Mitchell,* 172 Ark. 619, 290 S. W. 64.

It is undisputed that the issue as to ownership of the property here involved was not raised in the divorce suit or in the car case. On the facts here, it was not necessary for appellee to have raised this issue in either of those cases for the reason that she claimed and the jury has found that she was, and has been since her separation from appellant, the absolute owner of the property in question by virtue of the property settlement and gift from her husband.

In *Johnson* v. *Swanson, supra,* we said: "In the case of *Apple* v. *Apple,* 105 Ark. 669, 152 S. W. 296, this court sustained a decree in favor of a former wife against her former husband enforcing (in an action brought by her after the lapse of the term at which the divorce was granted) a verbal agreement between the parties during the marital relation as to division of personal property."

Appellant also contends that appellee was not entitled to recover three or four items included in the jury's verdict for the reason that these items belonged

to her present husband and he was not made a party to the suit. We think this contention without merit for appellant conceded that he had no interest in this property, that it belonged to appellee's present husband and offered to deliver it to the court. Appellant is therefore in no position to complain.

Appellant also says that there was no proof as to the value of the property. We think this contention also without merit for the reason that appellee testified as to the cost and value of the property and that it could not be purchased at its cost price. This was sufficient.

Finally appellant contends that the trial court erred in permitting the jury to take into the jury room a list of the property described in the complaint. On this point, the record reflects the following: "Mr. Coffelt: The defendant objects to the court giving the jury the following list of property described in the complaint for them to consider and take into the jury room as they consider of their verdict. 1 bedroom suite, 1 living and dining room suite, 1 9x12 rug, two dozen quarts of canned food, 1 coffee table, 1 floor lamp, and other items listed . . . We object for the reason that there are many items set forth in said list not referred to in the testimony of the case, or mentioned with a value. There was no competent testimony in the case to fix the value and it is undisputed proof that she is not the owner of any of the property. The Court: Overruled. Mr. Coffelt: Save exceptions."

Here, it appears that the court permitted the jury during its deliberations to have a list of the items claimed and set out in appellee's complaint, consisting of 18 different items. We think appellant's objection untenable for the reason that it was within the sound discretion of the trial court, in the circumstances here, to permit the jury to have a list of the property sought to be recovered as an aid in determining the specific items and the value of each which appellee might be entitled to recover. Obviously, it would have been difficult for the jury to remember all of them. The Supreme Court of Michigan in the case of *Trudell* v. *Pearll*, 189 N. W., page 61, held: (Headnote 1) "In replevin for a large number

of articles of household goods, it was not error to permit the jury to take with them the bill of particulars containing the inventory of the goods, replevied, since, if the jury believed a part of the goods were those of plaintiff and a part belonged to defendant, they could not be expected to remember all the articles without having such list." See, also, *Hickman, et al.* v. *Ford & Co.*, 43 Ark. 207.

As has been pointed out, we think the evidence was ample to establish appellee's ownership of the property listed in the jury's verdict as well as its value.

On the whole case, finding no error, the judgment is affirmed.