ARK. STATE HIGHWAY COMM. *v.* SHEPHERD.

5-3679                                          395 S. W. 2d 743

Opinion delivered November 22, 1965.

*Mark E. Woolsey* and *Thomas B. Keys,* for appellant.

*Lookadoo, Gooch* and *Lookadoo,* for appellee.

SAM ROBINSON, Associate Justice. On May 7, 1963, appellant, Arkansas State Highway Commission, filed its Complaint and Declaration of Taking and deposited the sum of $27,100 as estimated just compensation for the taking of 14.5 acres of land belonging to appellee, Thomas Shepherd. The land taken was a part of a larger tract which appellee owned consisting of approximately 40 acres situated about 1½ miles west of the City of Arkadelphia. The improvements, all of which were located on the land taken, consisted of a six room dwelling, a one car garage, a utility barn, three chicken houses, a two room tenant house, and a business building. The original tract contained 1,289.1 feet of highway frontage, all of which was included in the taking. The trial resulted in a verdict for appellee in the sum of $50,000 as just compensation for the land and improvements condemned. From this judgment the Highway Commission has appealed.

Appellant insists that reversible error was committed when the court below refused to grant a mistrial as a result of the testimony of appellee, Thomas Shepherd. Shepherd testified that, in his opinion, the land and improvements before the taking had a fair market value of $115,000, and that the value of the land remaining after the taking was $20,000. The objectionable parts of this testimony, which included his consideration of a sale to a condemning authority and certain anticipated profits, were stricken and the court admonished the jury not to consider them. Appellant asked for a mistrial based on the fact that the admonition could not remove the prejudicial effect of the testimony. The motion was properly denied. The trial court must be allowed the broadest latitude in determining the action be allowed the broadest latitude in determining the action appropriate to eliminate the prejudicial effect of incompetent testimony. *United Order of Good Samaritans* v.

*Lomax*, 172 Ark. 330, 288, S. W. 709. We cannot say that the over all effect of Shepherd's testimony was prejudicial to appellant.

Appellant argues that the expert testimony of Mr. Ben Bledsoe should have been stricken insofar as it relates to the value of the improvements of the property in question. He stated that he knew of no other similar transactions in the locality and, therefore, based his opinion of value on the condition of the buildings and what they would cost new; that a new building would cost around $8.00 per square foot, and, figuring the depreciation on the number of years the improvements had been in use, the value would be about $3.00 per square foot. Although this language did not use the exact terms, we think it satisfies the "cost less depeciation" formula which may be considered when a market price is not readily available.

When asked if the chicken business was or was not the highest and best use of the property, Bledsoe stated that it could be, although there were several other uses which would be, in his opinion, more profitable. Based on this testimony, appellant seeks to establish the premise that the value of improvements could not be considered in this case since the land had been appraised according to its best use. This construction is improper. The testimony shows that the improvements tend to adapt the property to an advantageous use.

The appellant's argument that the verdict was not supported by the evidence is not convincing. Mr. Bledsoe was a qualified expert and had for several years made appraisals in Clark County. In his opinion, appellee's damages were $64,345.00. We cannot, therefore, say that there was no substantial evidence upon which the jury could make its decision.

Affirmed.