# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* V. C. LUGAR et ux

74-75                                             511 S.W. 2d 157

Opinion delivered July 8, 1974

*Thomas B. Keys* and *George O. Green*, for appellant.

*Catlett & Henderson*, for appellees.

GEORGE ROSE SMITH, Justice. At the trial of this condemnation suit the landowner, on direct examination, mentioned an offer that he had had for the purchase of the property. The court admonished the jury not to consider the testimony. The appellant contends that the error was so prejudicial that a mistrial should have been granted. We do not agree.

The landowner testified that he bought the property in 1956 and considered it to be a good investment. The record then continues:

Q. And you intended to hold it. Is that the reason you held on to that after you moved away from here to go to Alabama to live?

A. Oh, yes, sir. I had many opportunities, you know, to sell it. In fact, people wrote to me quite often wanting to buy this property, and well, I even had a return of fifty thousand dollars. . .

Upon objection the judge and the attorneys went into chambers, where the judge denied the condemnor's motion for a mistrial and stated that the jury would be instructed to disregard the statement. The court promptly gave this admonition to the jury:

Ladies and gentlemen, I don't know whether any of you heard the remarks the witness made or not, I didn't hear it, but I am told what he said, and what he said, of course, is not at all admissible in this trial and not to be considered by you as evidence at all; so if any of you heard it, you will please totally and completely and absolutely disregard it. It is not evidence in this case. Does everybody understand that? Proceed.

We find the court's admonition to have been sufficient to cure the error. In a situation such as this one the trial judge must be given broad authority, for he is in the best position to assess the possibility of prejudice. See *Ark. State Highway Commn. v. Shepherd,* 239 Ark. 1010, 395 S.W. 2d 743 (1965). That the answer was not responsive to the question is important, *Ragon v. Day,* 228 Ark. 215, 306 S.W. 2d 687 (1957), since that fact shows that there was no deliberate effort to bring in inadmissible testimony. Moreover, the court's admonition was prompt, clear, and emphatic.

The appellant's most persuasive argument rests upon the amount of the jury's verdict, $50,000, which is the identical amount of the inadmissible offer mentioned by the landowner. We are not persuaded, however, that the jury disregarded the court's admonition and seized upon one sentence in the testimony as the basis for its verdict. If the verdict had coincided with an inadmissible figure ending in odd dollars and cents, counsel's argument would be practically unanswerable. But here the amount, $50,000, is not only a convenient round number, but it lies fairly near the middle point between the maximum value of $68,350 fixed by

one of the landowners' expert witnesses and the minimum value of $24,000 fixed by the condemnor's expert witness. We conclude that prejudicial error is not shown.

Affirmed.

JONES, J., dissents.