Jenny GUINN *v.* Chan HOLCOMBE

CA 89-183                                    780 S.W.2d 30

Court of Appeals of Arkansas
Division II
Opinion delivered November 22, 1989
[Rehearing denied January 10, 1990.]

*Sexton Law Firm, P.A.,* by: *Sam Sexton III,* for appellant.

GEORGE K. CRACRAFT, Judge. Jenny Guinn appeals from an order of the Crawford County Chancery Court finding that her lease of a building to Chan Holcombe was valid and ordering its enforcement. We find no merit in her points for reversal and affirm.

A clear understanding of the arguments necessitates some discussion of a prior lawsuit which involved the same factual background. On October 1, 1983, appellee entered into a contract to sell a parcel of real property to Nuggett & Associates, Inc., (hereinafter the "corporation") for $15,500.00, payable in monthly installments, with the conveyance to be made after all payments were made. The property consisted of a lot on which was located a dwelling and a detached garage used by appellee for storage. On the same day, the corporation leased the garage to appellant, who was the president of the corporation, and she in turn leased the garage to appellee for a term of five years, reciting a consideration of "$1.00 and good and other valuable consideration." On August 5, 1985, prior to the end of the lease term, appellant notified appellee that he must remove his property from

the garage or it would be considered abandoned and disposed of. Appellee immediately complied with that request. Appellee then wrote a letter to appellant in which he stated that part of the consideration for the contract of sale was appellant's agreement to lease the garage to him and that he would not perform the contract of sale according to its terms until that breach was rectified.

The corporation brought an action against appellee for specific performance of the contract of sale. Appellee counter-claimed for damages resulting from the breach of the lease agreement, asserting that although the lease agreement had been executed by appellant and not the corporation, they were one and the same. In that case, the court ordered appellee to specifically perform the contract of sale with the corporation. Appellee's counterclaim based on appellant's breach of the lease agreement was dismissed based on the court's findings that appellee's contract of sale was with the corporation, that appellant was acting only as a corporate officer, and that appellant was not a party to the action.

Appellee then brought this action against appellant individually, seeking specific performance of the lease agreement or, in the alternative, damages for its breach. The trial court found that the lease agreement was valid and based on adequate considera-tion, that of appellee's promise to sell the property to the corporation in exchange for appellant's promise to lease the garage to appellee. The court concluded that the agreement to convey the property to the corporation at appellant's request constituted the other valuable consideration for the lease and ordered specific performance of the lease agreement.

Appellant contends that the trial court erred in determining that the lease agreement was supported by consideration. Appel-lant argues that the lease was executed for a nominal considera-tion of $1.00 and was therefore voluntary and unenforceable. We do not agree.

Appellant correctly states that lease agreements must be supported by consideration, *Lindner* v. *Mid-Continent Petroleum Corp.*, 221 Ark. 241, 252 S.W.2d 631 (1952), and that a conveyance based on nominal consideration is treated as voluntary. *Howard* v. *Howard*, 152 Ark. 387, 238 S.W.2d 604

(1922). However, consideration supporting a promise does not have to move directly to the person making the promise, but may move from the promisor to a third person. *Quattlebaum* v. *Gray*, 252 Ark. 610, 480 S.W.2d 339 (1972); *Hays* v. *McGuirt*, 186 Ark. 702, 55 S.W.2d 76 (1932); 1 S. Williston, *A Treatise on the Law of Contracts* § 113 (3d ed. 1957); 1 A. Corbin, *Corbin on Contracts* § 125 & n.65 (1963); Restatement (Second) of Contracts § 71 (1981). Williston states the rule to be that, if a promisee parts with anything of value at the request of the promisor, it is immaterial that the promisor receives nothing. "[T]he consideration given by the promisee for a promise need not move to the promisor, but may move to anyone requested in the offer." 1 S. Williston, *A Treatise on the Law on Contracts* § 113 at p. 449 (1957). In the Second Restatement, the rule is stated to be that "It matters not from whom the consideration moves or to whom it goes. If it is bargained for and given in exchange for the promise, the promise is not gratuitous." Restatement (Second) of Contracts § 71 at p. 176 (1981).

Here, both parties testified that there was other consideration for the lease. Appellant testified that appellee had agreed to pay her $25.00 a month for rent. The court rejected that testimony and accepted appellee's testimony that appellant had promised to execute the lease to him in exchange for his agreement to sell the lot to the corporation. Appellee testified to that agreement in general terms, making it clear that he would not have executed the contract of sale unless he had the lease. His testimony was corroborated by appellant's introduction into evidence of appellee's letter written at the time that he was directed to move his property from the garage. In the letter appellee reminded appellant that the only reason that he had executed the contract of sale was that she had agreed to lease the garage to him and that he therefore considered her action as a breach of contract. He indicated that he would not perform the contract of sale until she either restored him to possession of the garage or paid damages for the breach. It was received in evidence at appellant's request without restricting it to any particular purpose.

The signing of the contract of sale by appellee was sufficient consideration for appellant's promise to execute the lease. We therefore cannot conclude that there was no substantial

evidence to sustain the trial court's finding that the lease agreement was supported by sufficient consideration.

◼ Appellant next argues that as appellee's counterclaim in the prior lawsuit was dismissed on a finding that the contract to sell and the contract to lease were separate and distinct contracts, appellee was barred by the doctrine of *res judicata* from asserting that the lease agreement was supported by appellee's promise to enter into the contract of sale with the corporation. This argument is without merit for several reasons, not the least of which is that appellant was not a party to that action and the court did not have before it or consider the issue of the validity of the consideration for the lease agreement. In order for a judgment to be a bar to a subsequent action, it must be rendered by a court having competent jurisdiction in an action between the same parties or their privies, and the point of controversy must be the same and have been decided on its merits. *Hatch* v. *Scott*, 210 Ark. 665, 197 S.W.2d 559 (1946). The doctrine of *res judicata* is designed to prevent the relitigation of issues which have already been litigated or which might have been litigated. *Lincoln* v. *State*, 287 Ark. 16, 696 S.W.2d 316 (1985); *Wells* v. *Arkansas Public Service Commission*, 272 Ark. 481, 616 S.W.2d 718 (1981).

◼ Appellant also argues that, since there were two separate contracts, neither could stand as consideration for the other and each was required to be supported by independent consideration. We know of no rule that requires such a result, and our earlier discussion of consideration sufficient to support a contract dictates a different one.

Appellant's reliance on *Crookham & Vessels, Inc.* v. *Larry Moyer Trucking, Inc.*, 16 Ark. App. 214, 699 S.W.2d 414 (1985), is misplaced. There appellant entered into a contract under which he agreed to perform certain work for an agreed fee. When he determined that he was unable to complete the work without his costs exceeding that fee, he refused to perform until the other party agreed to pay an additional sum for the work. We held that a promise to do what one is already legally bound to do is not valid consideration, and that the promise to pay an additional sum required additional consideration. This case, therefore, merely stands for the proposition that a promise to perform an

existing contractual obligation is not valid consideration to support a contract.

■ Nor can we find merit in appellant's argument that permitting appellee to establish that the actual consideration for the lease was his agreement to sell the property violated the parol evidence rule. Parol evidence is proper to show the true consideration of a contract or to show that the consideration recited is not that actually agreed upon. *Williams* v. *J.W. Black Lumber Co.*, 275 Ark. 144, 628 S.W.2d 13 (1982); *Newberry* v. *Newberry*, 218 Ark. 548, 237 S.W.2d 477 (1951); *Sewell* v. *Harkey*, 206 Ark. 24, 174 S.W.2d 113 (1943); *Howard* v. *Howard, supra.*

■ Appellant finally contends that the trial court erred in determining that the lease agreement contained all required elements. Appellant argues that the lease agreement must fail because it lacked mutuality of obligation, which is an essential element of a contract. *Hunt* v. *McIlroy Bank and Trust*, 2 Ark. App. 87, 616 S.W.2d 759 (1981). We disagree. The validity of a contract does not always depend upon mutuality of obligation. Mutuality of obligation is ordinarily required in contracts where the parties exchange a promise for a promise, and each must be bound or neither is bound. It becomes a nonissue when consideration has otherwise been conferred upon one of the parties. A promise in exchange for performance does not require mutuality of obligation. *Eustice* v. *Meytrott*, 100 Ark. 510, 140 S.W.2d 590 (1911); *Carrico* v. *Delp*, 141 Ill. App. 3d 684, 490 N.E.2d 972 (1986); *Leeson* v. *Etchison*, 650 S.W.2d 681 (Mo. App. 1983); *Brack* v. *Brownlee*, 246 Ga. 818, 273 S.E.2d 390 (1980). *See* Restatement (Second) of Contracts § 79 (1981). Here, appellee agreed to sell the house to the corporation on appellant's promise to lease the garage to him. Appellee then executed the contract of sale and appellant was bound to execute the lease. We cannot conclude that the trial court erred in finding that the lease agreement contained all required elements.

Affirmed.

CORBIN, C.J., and ROGERS, J., agree.