Hal KIDD of Value Line Company *v.* CLARK COUNTY
EQUALIZATION BOARD

CA 90-524 820 S.W.2d 67

Court of Appeals of Arkansas
Division I
Opinion delivered November 27, 1991

*Mathis & DeJanes*, by: *Travis Mathis*, for appellant.

*John A. Thomas*, for appellee.

MELVIN MAYFIELD, Judge. On October 27, 1989, the
County Court of Clark County affirmed the appraisal of the

Clark County Assessor on certain parcels of real estate owned by the appellant. (The property may be owned by Mr. Kidd who does business under the name of Value Line Property, but this is not important to the issue involved in this case.) On December 14, 1989, appellant gave a notice of appeal to circuit court from the county court's ruling. The appellee filed a motion to dismiss in circuit court on the grounds that the appeal was not perfected because the appellant failed to file the affidavit required by Ark. Code Ann. § 16-67-201 (1987). On March 29, 1990, the circuit court granted appellee's motion and dismissed the appeal on the finding that appellant "failed to perfect the appeal as required by A.C.A. 16-67-201 in that Petitioner failed to file an affidavit as required and the Defendant has not waived the requirement."

On April 26, 1990, appellant filed a second notice of appeal accompanied by the required affidavit, and also filed a petition for reconsideration which stated the "Affidavit has now been timely filed within the time required."

After a hearing held August 10, 1990, on appellant's motion for reconsideration, the circuit court held that the appellee had not waived the requirement of the affidavit for appeal; that no such affidavit had been filed prior to the dismissal on March 29, 1990; and that the court's order of March 29, 1990, barred the subsequent filing of the new notice of appeal and affidavit of appeal in behalf of the appellant.

On appeal to this court, appellant contends the six months' time for filing of the appeal did not expire until April 27, 1990, and that appellant's second notice of appeal and affidavit for appeal were filed within that time period. Appellant argues further that the March 29, 1990, order is not *res judicata* because it was not a judgment on the merits of the case, in that the trial court simply found the appellant had not filed the affidavit as required by the statute and that the filing had not been waived by the appellee.

The Rules of Appellate Procedure govern the procedure in appeals to the Arkansas Supreme Court and Court of Appeals, but Ark. Code Ann. § 16-67-201 (1987) governs appeals from county court. Under that statute the aggrieved party must file an affidavit and prayer for an appeal within six months (unless a bond issue is involved) after rendition of the

judgment of the county court.

 In the instant case the court's order of March 29, 1990, dismissing appellant's appeal for failure to file the affidavit was correct. However, on April 26, 1990, when appellant filed its second notice of appeal accompanied by the required affidavit, and its motion for reconsideration, the time for appeal had not yet run, and we know of no rule prohibiting the filing of the second notice of appeal, accompanied by the required affidavit, within the statutory time period.

In 4 C.J.S. *Appeal and Error* § 34 at 136-37 (1957), it is stated:

> Although the rule does not apply where the previous appeal is dismissed as not timely taken, or where there is a statute making the dismissal of an appellate proceeding the equivalent of an affirmance, and final, it is generally held that, where an appeal or writ of error has been dismissed voluntarily or by the court for failure to comply with some requirement of the law governing the proceeding, a second appeal or writ of error is not barred if taken in due time. This rule has been applied in cases of dismissal of premature writs of error or appeals, to dismissals for irregularity or insufficiency in the steps taken to perfect the appeal or error proceedings, and to dismissals for want of authority in appellant to maintain the proceeding.

In *O'Brien* v. *People*, 192 P.2d 428 (Colo. 1948), the appellant was found guilty in a justice of the peace court of careless driving. The appellant filed an appeal to county court but failed to pay the necessary docket fee. The county court ordered the appeal dismissed and a procedendo issued because the docket fee had not been paid. (Procedendo is a writ by which a cause which has been removed from an inferior to a superior court is sent down again to the inferior court to be "proceeded in there." *Blacks' Law Dictionary* 1083 (5th ed.)) Subsequently the appellant filed a second appeal in county court and paid the requisite docket fee. After a hearing, the county court concluded that the appellant by filing his appeal and failing to pay the required docket fee, failed to perfect his appeal as required by statute even though the time to appeal had not elapsed. The county court held the appeal had not been perfected and that the order for the

issuance of procedendo should be sustained. This order was appealed to the Colorado Supreme Court and reversed. The court said:

> In *Mente & Co.* v. *Martin Rourke & Co.*, 8 La. App. (Orleans) 18, 19, the court said: "Whilst it is true that but one appeal can be allowed in a case, nevertheless so long as the appellant has not an opportunity to present the merits of his appeal he has in fact had no appeal at all. If an appeal be dismissed for some informality or irregularity in the granting or perfecting of the same, such decree of dismissal does not pass upon the issues involved in the judgment appealed from nor yet upon appellant's right to appeal, but merely decides that under the conditions then existing the appeal cannot be heard. The dismissal of an appeal on such grounds is not *res judicata* either as to the merits of the cause, or as to appellant's right to an appeal. The right to have his appeal heard still exists unless it has been lost by the lapse of time or by forfeiture through acquiescence in the judgment or abandonment.

192 P.2d at 430. *See also, La Borde* v. *Di Leo*, 128 So. 2d 262 (La. 1961) (where appellant has failed to meet a requirement of law under which his appeal must be dismissed, a second appeal may be obtained even though the first has been dismissed, if the second appeal is applied for within the time limit provided by law).

In the early case of *Turner* v. *Tapscott, Adm'r*, 29 Ark. 318 (1874), the Arkansas Supreme Court considered the question of whether a party who has once taken an appeal and failed to perfect it by filing the transcript in the proper time, or the same has for any cause been dismissed, has the right to take another appeal at any time within the period in which appeals are allowed. Our supreme court held that the appellant, notwithstanding the fact that he took an appeal in the court below but failed to perfect it by filing the transcript in time, still has a subsisting right to an appeal.

Moreover, the trial court's order of March 29, 1990, was not *res judicata*. In *Cooper* v. *McCoy*, 116 Ark. 501, 173 S.W. 412 (1915), the court said:

> It is well settled that a former judgment in order to be a bar

must have been a decision of the merits of the cause. . . . "In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases and must be determined on the merits. If the first suit was dismissed for defect in pleadings or parties, or a misconception of the form of the proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

116 Ark. at 505-06 (citations omitted). The above language was cited with approval in *Hatch* v. *Scott, Admx.*, 210 Ark. 665, 197 S.W.2d 559 (1946), which has recently been cited by this court in *Guinn* v. *Holcombe*, 29 Ark. App. 206, 780 S.W.2d 30 (1989). And in *Swanson* v. *Johnson*, 212 Ark. 340, 205 S.W.2d 702 (1947), the court stated:

To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear from the record, or from extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit, or that it might have been litigated in that case.

212 Ark. at 343 (citations omitted). *See also Appleby Road Street Imp. Dist.* v. *Powell*, 282 Ark. 398, 669 S.W.2d 3 (1984).

In the instant case, the issue of whether appellant's second appeal (perfected on April 26, 1990, by filing of the second notice of appeal and affidavit) was properly filed could not have been before the trial court on March 29, 1990, because the second appeal had not yet been filed. While the two attempted appeals were between the same parties and arose out of the same issue, the March 29, 1990, order did not, and indeed, could not have considered the question of whether the subsequent appeal was perfected on April 26, 1990. Therefore, the doctrine of *res judicata* did not apply to the issue presented by the filing of the second notice of appeal.

Reversed and remanded.

DANIELSON and ROGERS, JJ., agree.